UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHINA SOUTHERN AIRLINES CO., LTD.,

    Plaintiff,

v.

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

    Defendant.

**COMPLAINT**  1:18-cv-7454

---

Plaintiff CHINA SOUTHERN AIRLINES CO., LTD. ("CSA"), complaining of the defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, alleges as follows:

### NATURE OF THE ACTION

1. This is an action to recover money damages in connection with a) an indemnity claim for alleged property damage to a Kuwait Airways 777-300ER aircraft 9K-AOC ("the Kuwait Aircraft") and b) property and related damage to Plaintiff CSA's 777-300ER aircraft bearing registration number B-7185 ("the CSA Aircraft"), all of which arose from an accident at John F. Kennedy International Airport in Queens, New York ("JFK Airport") on January 5, 2018 ("the Accident"), as well as to recover lost profits, fees, costs and expenses in connection with the Accident and property damage.

### JURISDICTION AND VENUE

2. Plaintiff is a foreign corporation with its principal place of business in China.

3. Plaintiff is authorized to do business in the United States and the State of New York.

4. Defendant The Port Authority of New York and New Jersey ("Defendant Port Authority") is a bi-state transportation agency that manages *inter alia* certain airports in the New York

1

metropolitan area, including JFK Airport.

5. At all relevant times, Defendant Port Authority was and has been continuously doing business in the States of New York and New Jersey.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the citizenship of the parties is diverse and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7. This Court has *in personam* jurisdiction over defendant pursuant to New York Civil Practice Law and Rules sections 301 and 302. Defendant conducts business in the State of New York in connection with the provision of services for common carriers, airport operations, and airport safety.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), and 65 McKinney's Cons. Laws of NY § 7106.

## FACTS COMMON TO ALL CLAIMS

9. On January 5, 2018, the CSA Aircraft was legally authorized to be present within JFK Airport.

10. On January 5, 2018 the CSA Aircraft was being towed by an entity not a party to this lawsuit.

11. On January 5, 2018, the Kuwait Aircraft was located at an area of JFK Airport designated by a particular number and remote from Terminal 4, namely a "hardstand" bearing number 63.

12. As of the time of the Accident and prior thereto, the Kuwait Aircraft was parked at Hardstand 63 in such a manner as the nosewheel was not at the stop mark designated on the ground for B777-300 aircraft.

13. As of the time of the Accident and prior thereto, agents of defendant The Port Authority,

including but not limited to JFKIAT and Delta Airlines ("the Agents"), were under its employ, direction, control, supervision and contractual obligation with regard to the instructions communicated to aircraft concerning movement at JFK Airport, including the CSA Aircraft and Kuwait Aircraft.

14. As of the time of the Accident and prior thereto, the Agents instructed that the Kuwait Aircraft park at Hardstand 63.

15. As of the time of the Accident and prior thereto, the Agents knew or should have known that the Kuwait Aircraft was obstructing part of Taxiway BB while parked at Hardstand 63.

16. As of the time of the Accident, defendant the Port Authority controlled the design and designation of hardstands at JFK Airport.

17. As of the time of the Accident, defendant the Port Authority knew or should have known that a B777-300 located in Hardstand 63 with its nosewheel at the designated stop mark cannot obtain complete access to all cargo doors due to the placement of a light pole in the ground.

18. As of the time of the Accident, defendant the Port Authority did or should have communicated to the Agents that a B777-300 located in Hardstand 63 with its nosewheel at the designated stop mark cannot obtain complete access to all cargo doors due to the placement of a light pole in the ground.

19. As of the time of the Accident, the Agents knew or should have known that a B777-300 located in Hardstand 63 with its nosewheel at the designated stop mark cannot obtain complete access to all cargo doors due to the placement of a light pole in the ground.

20. Prior to the Accident, the Agents instructed that the CSA Aircraft tow vehicle move the CSA Aircraft through Taxiway BB in order to park at Hardstand 73.

21. Prior to instructing the CSA Aircraft tow vehicle to move the CSA Aircraft through Taxiway BB, one or more of the Agents closed Taxiway BB to aircraft in excess of Category III and

limited Taxiway BB to only A320 and B737 aircraft.

22. Prior to directing that the CSA Aircraft tow vehicle bring the CSA Aircraft onto Taxiway BB, the Agents knew or should have known that Taxiway BB was closed to aircraft in excess of Category III and was open to only A320 and B737 aircraft.

23. While the CSA Aircraft was being towed on Taxiway BB as instructed by the Agents, the CSA Aircraft came into contact with the Kuwait Aircraft.

24. The contact between the CSA Aircraft and the Kuwait Aircraft caused damage to the CSA Aircraft.

25. Kuwait Airways has alleged in a letter of claim to CSA that the contact between the Kuwait Aircraft and CSA Aircraft caused damage to the Kuwait Aircraft in an amount in excess of $12,000,000.00 (twelve million United States dollars) and that Kuwait Airways intends to seek recovery of the alleged damages from Plaintiff CSA.

26. CSA filed a Notice of Claim with Defendant Port Authority on October 23, 2018, thereby satisfying the statutory requirement for service of notice before initiation of a lawsuit against Defendant Port Authority.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

27. CSA repeats, reiterates, and realleges each and every allegation set forth in foregoing paragraphs number " 1 " through "26" with the same force and effect as if more fully set forth herein.

28. At all times relevant, written agreements have been and continue to be in full force and effect as between Plaintiff CSA and Defendant Port Authority and/or the Agents with regard to, among other things, the use, occupancy, right of passage, operation and related fees in connection with certain taxiways, hardstands and other areas at JFK Airport.

29. Pursuant to those agreements, CSA, has the right of ingress and egress by means of

existing taxiways.

30. By virtue of these agreements, Defendant Port Authority and/or the Agents were obligated to ensure, among other things, safe passage, ingress and egress through Taxiway BB and to Hardstand 73.

31. Defendant Port Authority acting by and through the Agents failed to secure the safe passage, ingress and egress through Taxiway BB and to Hardstand 73 as it was obligated to do by these agreements.

32. Defendant Port Authority's failure to hire, supervise, direct and control competent agents with regard to the traversing of Taxiway BB, where CSA was directed by the Agents to taxi the CSA Aircraft, was the cause of the Accident and damages sustained by Plaintiff.

33. Defendant Port Authority' Authority's failure to hire, supervise, direct and control competent agents with regard to the traversing of Taxiway BB and failure to secure the safe passage, ingress and egress of the CSA Aircraft was a material breach of those agreements between CSA and Defendant Port Authority and/or the Agents, which agreements entitled CSA to the use, occupancy, right of passage, and operation upon the taxiways, including Taxiway BB.

34. The breaches of the agreements by Defendant Port Authority and/or the Agents was the cause in fact and legal cause of the Accident and damages sustained by Plaintiff.

35. CSA performed all conditions precedent, covenants, and promises in accordance with the terms and conditions of the parties' agreements.

36. By reason of the foregoing, CSA has been damaged in an amount to be determined at trial, but in amount not less than $2,423,800.00 (two million four hundred twenty-three thousand United States Dollars) for damage to property, diminution in value of the CSA Aircraft,

and business interruption, in addition to CSA's alleged liability to Kuwait Airways for the damage alleged to the Kuwait Aircraft, together with interest and costs.

## SECOND CAUSE OF ACTION- NEGLIGENCE

37. CSA repeats, reiterates, and realleges each and every allegation set forth in foregoing paragraphs numbered "1" through "36", with the same force and effect as if more fully set forth at length herein.

38. Defendant Port Authority directed, authorized, permitted and/or did not prevent the Agents from instructing the CSA Aircraft to traverse Taxiway BB at a time when Defendant Port Authority and/or the Agents knew or should have known that Taxiway BB was obstructed by the Kuwait Aircraft and/or closed to aircraft greater than Category III and/or open only to A320 and B737 aircraft.

39. Defendant Port Authority failed to advise and/or notify Plaintiff CSA and/or its agents that Taxiway BB was obstructed by the Kuwait Aircraft, open for only aircraft Category III or less and/or open only to A320 and B737 aircraft.

40. Defendant Port Authority's act and omissions of directing, authorizing, permitting and not preventing the Agents from instructing the CSA Aircraft to traverse Taxiway BB at a time when Defendant Port Authority and/or the Agents knew or should have known that Taxiway BB was obstructed by the Kuwait Aircraft and/or closed to aircraft greater than Category III and/or open only to A320 and B737 aircraft caused the Accident and the damages to Plaintiff CSA claimed herein.

41. Accordingly, Defendant Port Authority negligently performed its duties in connection with the use of Taxiway BB, and negligently failed to hire, direct, oversee, supervise and coordinate the activities of the Agents with regard to the use of Taxiway BB and other

taxiways at JFK Airport, which caused the Accident and damages to Plaintiff CSA claimed herein.

42. Defendant Port Authority also failed to design and/or implement the usage of hardstands in a reasonable and prudent manner for the aircraft that it and/or the Agents instructed to use the hardstands, including the placement of a B777-300 at Hardstand 63, and thereby caused the obstruction of the Kuwait Aircraft into Taxiway BB, the Accident and the damages claimed by Plaintiff CSA herein.

43. The foregoing acts and omissions of Defendant Port Authority and/or the Agents proximately caused the Accident and the damages sustained by CSA.

44. By reason of the foregoing, CSA has been damaged in an amount to be determined at trial, but in amount not less than $2,423,800.00 (two million four hundred twenty-three thousand United States Dollars) for damage to property, diminution in value of the CSA Aircraft, and business interruption, in addition to the alleged liability of Plaintiff CSA to Kuwait Airways for the damage alleged to the Kuwait Aircraft, together with interest and costs.

### THIRD CAUSE OF ACTION – GROSS NEGLIGENCE

45. CSA repeats, reiterates, and realleges each and every allegation set forth in foregoing paragraphs numbered "1" through "44", with the same force and effect as if more fully set forth at length herein.

46. Defendant Port Authority failed to design and/or implement the usage of hardstands in a manner such that the aircraft that it and/or the Agents instructed to use the hardstands, including the placement of a B777-300 at Hardstand 63, would not cause an obstruction of Taxiway BB.

47. The Port Authority upon implementing the usage of Hardstand 63 for B777-300 aircraft

whereby such aircraft would knowingly obstruct Taxiway BB was reckless and acted in complete disregard of safety for persons and property.

48. The Port Authority' implementing the usage of Hardstand 63 for B777-300 aircraft whereby such aircraft would knowingly obstruct Taxiway BB constituted gross negligence.

49. The foregoing acts and omissions of Defendant Port Authority proximately caused the Accident and the damages sustained by CSA.

50. By reason of the foregoing, CSA has been damaged in an amount to be determined at trial, but in amount not less than $2,423,800.00 (two million four hundred twenty-three thousand United States Dollars) for damage to property, diminution in value of the CSA Aircraft, and business interruption, in addition to the alleged liability of Plaintiff CSA to Kuwait Airways for the damage alleged to the Kuwait Aircraft, together with interest and costs

WHEREFORE, Plaintiff CSA demands judgment as follows:

a. On the First Cause of Action, damages in an amount to be determined at trial, but in amount not less than $2,423,800.00 (two million four hundred twenty-three thousand United States Dollars) for damage to the CSA Aircraft, diminution in value of the CSA Aircraft, and business interruption, in addition to reimbursement of any payment for damage alleged to the Kuwait Aircraft, together with interest and costs, and

b. On the Second Cause of Action, damages in an amount to be determined at trial, but in amount not less than $2,423,800.00 (two million four hundred twenty-three thousand United States Dollars) for damage to the CSA Aircraft, diminution in value of the CSA Aircraft, and business interruption, in addition to reimbursement of any payment for damage alleged to the Kuwait Aircraft, together with interest and costs,

c. On the Third Cause of Action, damages in an amount to be determined at trial, but in amount not less than $2,423,800.00 (two million four hundred twenty-three thousand United States Dollars) for damage to the CSA Aircraft, diminution in value of the CSA Aircraft, and business interruption, in addition to reimbursement of any payment for damage alleged to the Kuwait Aircraft, together with interest and costs,

and that Plaintiffs be granted such other, further and different relief as this court may deem just, proper and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated: December 31, 2018
Harrison, New York

By: _____
Raymond D. Mariani, Esq.
NY Bar No. 2183267
Email:
500 Mamaroneck Avenue, Suite 320
Harrison, New York 10528
Tel: 914-705-4568
Fax: 914-705-4578