UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

CHINA SOUTHERN AIRLINES CO., LTD,          Case No. 1:18-cv-07454 (RJD)(VMS)

        Plaintiff,

     -against-

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, SWISSPORT USA, INC.,          **THIRD-PARTY COMPLAINT**
DELTA AIRLINES, INC., JFK
INTERNATIONAL AIR TERMINAL LLC,
AND KUWAIT AIRWAYS CORPORATION,

        Defendants.
---------------------------------------------------------------x
SWISSPORT USA, INC.

        Defendant/Third-Party Plaintiff,

     -against-

 BRITISH AIRWAYS PLC,

        Third-Party Defendant.
---------------------------------------------------------------x

     Third-Party Plaintiff SWISSPORT USA, INC., (hereinafter "Swissport"), by its attorneys,

Fitzpatrick & Hunt, Pagano, Aubert, LLP, as and for its Complaint against Third-Party Defendant

BRITISH AIRWAYS PLC (hereinafter "BA") alleges upon information and belief as follows:

**JURISDICTION**

    1.    The Court has subject matter jurisdiction over Swissport's claims under 28 U.S.C.

§ 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds

$75,000, exclusive of interest and costs, and under 28 U.S.C. § 1367(a) because Swissport's claims

are so related to the claims of Plaintiff China Southern Airlines Co., Ltd. (hereinafter "China Southern"), and all related claims asserted in this action, that they form part of the same case or controversy under Article III of the United States Constitution.

**VENUE**

2.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

3.     Defendant/Third-Party Plaintiff Swissport is a Delaware corporation with its principal place of business at 45025 Aviation Drive, Suite 350, Dulles, Virginia.

4.     China Southern is a foreign corporation with its principal place of business in China.

5.     At all relevant times, China Southern was and has been duly authorized by virtue of laws, statutes, and treaties of the United States of America to transact business in the United States and the State of New York.

6.     Defendant/Counter-Claimant/Cross-Plaintiff    Kuwait    Airways    Corporation ("KAC") is a foreign corporation with its principal place of business in Kuwait.

7.     At all relevant times, KAC was and has been duly authorized by virtue of laws, statutes, and treaties of the United States of America to transact business in the United States and the State of New York.

8.     At all relevant times, KAC was and has been an agency or instrumentality of the nation state of Kuwait, as defined by 28 U.S.C. § 1603(a).

9.      Defendant/Cross-Claimant Delta Air Lines, Inc. ("Delta") is a Delaware corporation that operates and provides *inter alia* flights and ground control services at airports worldwide, including John F. Kennedy International Airport ("JFK").

10.     At all relevant times, Delta was and has been continually doing business in the State of New York.

11.     Defendant/Cross-Claimant JFK International Air Terminal LLC ("JFK IAT") is a New York limited liability company that operates Terminal 4 at JFK.

12.     At all relevant times, JFK IAT was and has been continuously doing business in the State of New York.

13.     Defendant/Cross-Claimant The Port Authority of New York and New Jersey ("The Port Authority") is a bi-state transportation agency that manages *inter alia* certain airports in the New York metropolitan area, including JFK.

14.     At all relevant times, The Port Authority was and has been continuously doing business in the States of New York and New Jersey.

15.     Third-Party Defendant BA is a foreign organization, corporation and/or company with its principal place of business in the United Kingdom.

16.     At all relevant times, BA was and has been duly authorized by virtue of laws, statutes, and treaties of the United States of America to transact business in the United States and the State of New York.

## FACTS

17.     On May 1, 2019, China Southern filed a Second Amended Complaint against Swissport, The Port Authority of New York and New Jersey (hereinafter, "The Port Authority"),

John F. Kennedy International Air Terminal LLC (hereinafter, "JFK IAT"), Delta Airlines, Inc. (hereinafter, "Delta") and Kuwait Airways Corporation (hereinafter, "Kuwait").

18.     China Southern's Second Amended Complaint alleges that a 777-300ER aircraft owned and operated by China Southern (hereinafter "CSA Aircraft") and a 777-300ER aircraft owned and operated by Kuwait (hereinafter "Kuwait Aircraft") were damaged when they came into contact with each other on Taxiway BB at Terminal 4 of John F. Kennedy International Airport (hereinafter, "JFK") on January 5, 2018 (hereinafter "the Accident").

19.     China Southern's Second Amended Complaint seeks to recover for property damage to the CSA Aircraft and related consequential damages, and asserts four causes of action against Swissport arising from the Accident: (1) breach of contract; (2) negligence; (3) negligence *per se*, and (4) gross negligence.  China Southern also seeks to recover damages from Defendants KAC, Delta, JFK IAT and The Port Authority, on theories of contract and negligence.

20.     In response to China Southern's Second Amended Complaint, KAC filed an Answer, Counter-Claim and Cross-Claim, in which it seeks to recover from China Southern and from Swissport for alleged property damage to the Kuwait Aircraft, and related consequential damages, alleged incurred as a result of the Accident.  KAC alleges cause of action against Swissport for (1) negligence and (2) negligence per se.

21.     In response to China Southern's Second Amended Complaint, Defendants Delta, JFK IAT and The Port Authority filed Cross-Claims against Swissport (and each other) for indemnity and contribution with respect to the claims of China Southern.

22.     As of the time of the Accident and prior thereto, BA contracted with China Southern to provide aircraft cockpit brake operators during aircraft towing operations at JFK.

23.     At the time of the Accident, a Swissport employee was towing China Southern's aircraft (hereinafter "CSA Aircraft") at JFK using a towbarless pushback tractor, under the direction of BA's aircraft cockpit brake operator(s).

24.     At the time of the Accident, BA's aircraft cockpit brake operator(s) were in direct communication with the control tower at JFK, operated by The Port Authority, JFK IAT and/or Delta.

25.     At the time of the Accident, BA's aircraft cockpit brake operator(s) were exclusively responsible for handling communications with the control tower during towing operations of the CSA Aircraft at JFK.

26.     At the time of the Accident, BA's aircraft cockpit brake operator(s) were exclusively responsible for providing directions and instructions to the Swissport towbarless pushback tractor driver, who did not have direct communication with the control tower at JFK.

27.     At the time of the Accident, BA's aircraft cockpit brake operator(s) were responsible for identifying and monitoring for obstacles and hazards, and communicating information regarding said obstacles and hazards to the Swissport towbarless pushback tractor driver, but negligently failed to do so.

28.     While the CSA Aircraft was being towed by Swissport on Taxiway BB on January 5, 2018, under the direction of BA's aircraft cockpit brake operator(s), the CSA Aircraft came into contact with the Kuwait Aircraft.

29.     BA's aircraft cockpit brake operator(s) positioned in the CSA Aircraft at the time of the Accident negligently failed to communicate, as required, with control tower personnel to confirm the operational status of Taxiway BB and that Taxiway BB was safe and appropriate for

use by the CSA Aircraft, and negligently failed to communicate regarding the hazard presented by the presence of the Kuwait Aircraft at Hardstand 63.

30.     BA's aircraft cockpit brake operator(s) positioned in the CSA Aircraft at the time of the Accident negligently failed to communicate, as required, to the Swissport towbarless pushback tractor driver that Taxiway BB was closed to large commercial aircraft such as the CSA Aircraft, and negligently failed to communicate, as required, that a parked Kuwait Aircraft presented an obstacle and/or hazard to the safe passage of the CSA Aircraft on Taxiway BB.

31.     China Southern alleges that the contact between the CSA Aircraft and the Kuwait Aircraft caused damage to the CSA Aircraft.

32.     KAC alleges that the contact between the CSA Aircraft and the Kuwait Aircraft caused damage to the Kuwait Aircraft.

33.     Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Second Amended Complaint on file herein.

34.     Attached hereto as Exhibit B is a true and correct copy of Swissport's Answer to Plaintiff's Second Amended Complaint.

35.     Attached hereto as Exhibit C are true and correct copies of the respective Answers, Counter-Claims and/or Cross-Claims of Defendants KAC, Delta, JFK IAT and The Port Authority.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST BRITISH AIRWAYS FOR COMMON LAW INDEMNIFICATION

36.     Swissport repeats and realleges paragraphs "7" through "35" hereof, as if fully set forth herein.

37.     If Swissport is found liable to China Southern, KAC or any other party herein, which liability is expressly denied, such liability arose in whole or in part by the negligent acts or omissions of BA, by virtue of the allegations above.

38.     By reason of the foregoing, BA is liable in the amount of any judgment that any parties obtain against Swissport in this action based on principles of common law/equitable indemnification.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST BRITISH AIRWAYS
## FOR COMMON LAW CONTRIBUTION

39.     Swissport repeats and realleges paragraphs "7" through "38" hereof, as if fully set forth herein.

40.     Although Swissport has expressly denied the allegations of wrongdoing asserted against it, nevertheless, if Swissport is found to be liable to China Southern, KAC or any other party herein, and if complete indemnity is not granted in furtherance of the first cause of action hereinabove, then Swissport is nevertheless entitled to contribution from BA by reason of its negligent acts or omissions.

### **Jury Demand**

Third-Party Plaintiff Swissport demands a trial by jury on all issues triable by a jury.

### **Prayer**

Third-Party Plaintiff Swissport respectfully requests that the Court enter judgment against Third-Party Defendant BA as follows:

a.   For all sums that may be adjudged against Swissport in this action;

b.   For all sums reasonably incurred by Swissport in the defense of this action;

c.   For all of Swissport's costs of suit; and

d.   For any and further relief to which Swissport may be entitled.

Dated: February 27, 2020                    FITZPATRICK & HUNT,
        Los Angeles, CA                     PAGANO, AUBERT, LLP


By:  /s/Garth W. Aubert
Garth W. Aubert (*pro hac vice*)
633 West Fifth Street, 60th Floor
Los Angeles, CA  90071
(213) 873-2100

Nora Devitt
Twelve East 49th Street
31st Floor
New York, NY 10017
(212) 937-4000

*Attorneys for Defendant*
*Swissport USA, Inc.*

Filed and served via CM/ECF on March 2, 2020 to the following counsel of record.

Raymond L. Mariani
Brian Kenneth Cifuentes
Thi Hoang Ho
LEADER & BERKON COLAO & SILVERSTEIN LLP
630 Third Avenue
New York, NY 10017
Ph: 212-486-2400
Fax: 212-486-3099
*Attorneys for Plaintiff*

Cheryl Nancy Alterman
Brian Patrick Hodgkinson
PORT AUTHORITY OF NEW YORK & NEW JERSEY
4 WTC - 150 Greenwich Street
24th floor
New York, NY 10007
212-435-3431
Fax: 212-435-3834
Email: calterman@panynj.gov
*Attorneys for Defendant Port Authority of New York & New Jersey*

-8-

Diane Westwood Wilson
Rebecca A. Tingey
FOX ROTHSCHILD LLP
101 Park Avenue
17th Floor
New York, NY 10178
212-878-7900
*Attorneys for Defendant Port Authority of New York & New Jersey and JFK International Air Terminal LLC*

Louis R. Martinez
Michael G. Maragoudakis
MARTINEZ & RITORTO, P.C.
30 Wall Street, 8th Floor
New York, NY10005
212-248-0800
*Attorneys for Defendant Delta Air Lines, Inc.*