# Exhibit C to Third Party Complaint by Swissport USA, Inc.

**China Southern Airlines Co., LTD. v. Swissport USA, Inc. et al.**

**U.S. District Court; Eastern District of NY; Case No. 1:18-cv-07454**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                      :
CHINA SOUTHERN AIRLINES CO., LTD.,                    :
                                                      :
                    Plaintiff,                        :        Civil Action No.
                                                      :        18-CV-7454 (RJD) (VMS)
        -against-                                     :
                                                      :
THE PORT AUTHORITY OF NEW YORK AND                    :        **ANSWER TO PLAINTIFF'S SECOND**
NEW JERSEY, SWISSPORT USA, INC., DELTA                :        **AMENDED COMPLAINT,**
AIR LINES, INC., JFK INTERNATIONAL AIR                :        **CROSSCLAIMS AND COUNTER-**
TERMINAL, and KUWAIT AIRWAYS                          :        **CLAIMS OF KUWAIT AIRWAYS**
CORPORATION,                                          :        **CORPORATION**
                                                      :
                    Defendants.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant KUWAIT AIRWAYS CORPORATION ("KAC") by and through its attorneys,

Condon & Forsyth LLP, respectfully submits this Answer, Counterclaim, and Cross-Claims to

Plaintiff CHINA SOUTHERN AIRLINES CO., LTD ("CSA")'s Second Amended Complaint

("Complaint") upon information and belief as follows:

## NATURE OF THE ACTION

1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 2 of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.      Denies the allegations in paragraph 12 of the Complaint, except admits that KAC is, and at all times relevant to this lawsuit has been, a "foreign state" within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.* ("FSIA").

13.      Denies the allegations in paragraph 13 of the Complaint, except admits that at all relevant times, all of KAC's capital shares are owned by the government of Kuwait.

14.      Denies the allegations in paragraph 14 of the Complaint, except admits that KAC is, and at all times relevant to this lawsuit has been, a "foreign state" within the meaning of the FSIA.

15.      Denies the allegations in paragraph 15 of the Complaint, except admits that KAC

conducted business in the State of New York at all times relevant to this lawsuit.

16.     Denies the allegations in paragraph 16 of the Complaint, except admits that KAC operated flights at JFK Airport at all times relevant to this lawsuit.

17.     The allegations in paragraph 17 of the Complaint contain conclusions of law to which no response is required. To the extent a response is necessary, KAC denies the allegations in paragraph 17 of the Complaint, except admits that KAC operated flights at JFK Airport at all times relevant to this lawsuit, and refers all questions of law to the Court.

18.     Denies the allegations in paragraph 18 of the Complaint, except admits that at all relevant times KAC's Boeing 777-300ER aircraft registration 9K-AOC ("KAC Aircraft") was at JFK Airport and was allocated parking space at Hardstand 63.

19.     Denies the allegations in paragraph 19 of the Complaint, except admits that KAC operated flights at JFK Airport at all times relevant to this lawsuit.

20.     Denies the allegations in paragraph 20 of the Complaint, except admits that KAC operated flights at JFK Airport at all times relevant to this lawsuit.

21.     The allegations in paragraph 21 of the Complaint contain conclusions of law to which no response is required. To the extent a response is necessary, KAC denies the allegations in paragraph 21 of the Complaint, except admits that KAC employees were on the KAC employees were on the KAC Aircraft at the time of the incident, and refers all questions of law to the Court.

22.     Denies the allegations in paragraph 22 of the Complaint, except admits that at all relevant times the KAC Aircraft was at JFK Airport and was allocated parking space at Hardstand 63.

23.     The allegations in paragraph 23 of the Complaint contain conclusions of law to which no response is required. To the extent a response is necessary, KAC denies the allegations in

paragraph 23, except admits that on January 5, 2018, the KAC Aircraft was at JFK Airport and was allocated parking space at Hardstand 63, and refers all questions of law to the Court.

24.    Denies the allegations in paragraph 24, except admits that the Complaint seeks money damages against KAC.

25.    The allegations in paragraph 25 of the Complaint contain conclusions of law to which no response is required. To the extent a response is necessary, KAC denies the allegations in paragraph 25, except admits that KAC is, and at all times relevant to this lawsuit has been, a "foreign state" as defined by 28 U.S.C. § 1603(a), and as referred to in 28 U.S.C. § 1330, and refers all questions of law to the Court.

26.    The allegations in paragraph 26 of the Complaint contain conclusions of law to which no response is required. To the extent a response is necessary, KAC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and refers all questions of law to the Court.

27.    The allegations in paragraph 27 of the Complaint contain conclusions of law to which no response is required. To the extent the allegations are directed towards KAC and a response is necessary, KAC denies the allegations in paragraph 27, except admits that KAC operated flights at JFK Airport at all times relevant to this lawsuit. KAC denies knowledge or information sufficient to form a belief as to the truth of the allegations against other parties in paragraph 27 of the Complaint. KAC refers all questions of law to the Court.

28.    The allegations in paragraph 28 of the Complaint contain conclusions of law to which no response is required. To the extent the allegations are directed towards KAC and a response is necessary, KAC denies the allegations in paragraph 28, and refers all questions of law to the Court.

4

29.     The allegations in paragraph 29 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and refers all questions of law to the Court.

## FACTS COMMON TO ALL CLAIMS

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     Denies the allegations in paragraph 32 of the Complaint, except admits that the KAC Aircraft was parked at Hardstand 63 at the time of the subject incident.

33.     Denies the allegations in paragraph 33 of the Complaint, except admits that the KAC Aircraft was towed to, and parked at, Hardstand 63.

34.     Denies the allegations in paragraph 34 of the Complaint, but admits that at the time of the subject incident the KAC Aircraft was parked at Hardstand 63.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     Denies the allegations in paragraph 36 of the Complaint, except admits that at the time of the subject incident the KAC Aircraft was parked at Hardstand 63.

37.     Denies the allegations in paragraph 37 of the Complaint, except admits that at the time of the subject incident the KAC Aircraft was parked at Hardstand 63.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.     Denies the allegations in paragraph 39 of the Complaint to the extent such allegations are directed at KAC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Complaint.

40.     Denies the allegations in paragraph 40 of the Complaint to the extent such allegations are directed at KAC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the Complaint.

41.     Denies the allegations in paragraph 41 of the Complaint to the extent such allegations are directed at KAC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.     Denies the allegations in paragraph 43 of the Complaint to the extent such allegations are directed at KAC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint.

44.     Denies the allegations in paragraph 44 of the Complaint to the extent such allegations are directed at KAC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

6

48.     Denies the allegations in paragraph 48 of the Complaint to the extent such allegations are directed at KAC.

49.     Denies the allegations in paragraph 49 of the Complaint to the extent such allegations are directed at KAC.

50.     Admits the allegations in paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.     Admits the allegations in paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT
### (as against defendant the Port Authority)

54.     Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 54 of the Complaint with the same force and effect as if set forth herein at length.

55. – 63.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 55 through 63, inclusive, of the Complaint.

## SECOND CAUSE OF ACTION – NEGLIGENCE
### (as against defendant the Port Authority)

64.     Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 64 of the Complaint with the same force and effect as if set forth herein at length.

65. – 71.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 65 through 71, inclusive, of the Complaint.

### THIRD CAUSE OF ACTION – GROSS NEGLIGENCE
### (as against defendant the Port Authority)

72.     Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 72 of the Complaint with the same force and effect as if set forth herein at length.

73. – 77.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 73 through 77, inclusive, of the Complaint.

### FOURTH CAUSE OF ACTION – BREACH OF CONTRACT
### (as against defendant Swissport)

78.     Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 78 of the Complaint with the same force and effect as if set forth herein at length.

79. – 87.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 79 through 87, inclusive, of the Complaint.

### FIFTH CAUSE OF ACTION – NEGLIGENCE
### (as against defendant Swissport)

88.     Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 88 of the Complaint with the same force and effect as if set forth herein at length.

89. – 95.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 89 through 95, inclusive, of the Complaint.

### SIXTH CAUSE OF ACTION – NEGLIGENCE PER SE
### (as against defendant Swissport)

96.     Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 96 of the Complaint with the same force and

effect as if set forth herein at length.

97. – 101.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 97 through 101, inclusive, of the Complaint.

### SEVENTH CAUSE OF ACTION – GROSS NEGLIGENCE
### (as against defendant Swissport)

102.    Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 102 of the Complaint with the same force and effect as if set forth herein at length.

103. – 109.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 103 through 109, inclusive, of the Complaint.

### EIGHTH CAUSE OF ACTION – BREACH OF CONTRACT
### (as against defendant Delta)

110.    Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 110 of the Complaint with the same force and effect as if set forth herein at length.

111. – 121.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 111 through 121, inclusive, of the Complaint.

### NINTH CAUSE OF ACTION – NEGLIGENCE
### (as against defendant Delta)

122.    Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 122 of the Complaint with the same force and effect as if set forth herein at length.

123. – 128.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 123 through 128, inclusive, of the Complaint.

## TENTH CAUSE OF ACTION – GROSS NEGLIGENCE
### (as against defendant Delta)

129.     Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 129 of the Complaint with the same force and effect as if set forth herein at length.

130. – 136.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 130 through 136, inclusive, of the Complaint.

## ELEVENTH CAUSE OF ACTION – BREACH OF CONTRACT
### (as against defendant JFKIAT)

137.     Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 137 of the Complaint with the same force and effect as if set forth herein at length.

138. – 146.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 138 through 146, inclusive, of the Complaint.

## TWELFTH CAUSE OF ACTION – NEGLIGENCE
### (as against defendant JFKIAT)

147.     Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 147 of the Complaint with the same force and effect as if set forth herein at length.

148. – 154.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 148 through 154, inclusive, of the Complaint.

## THIRTEENTH CAUSE OF ACTION – GROSS NEGLIGENCE
### (as against defendant JFKIAT)

155.     Repeats and realleges each and every admission and denial made in response to the

paragraphs of the Complaint referred to in paragraph 155 of the Complaint with the same force and effect as if set forth herein at length.

156. – 162.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 156 through 162, inclusive, of the Complaint.

## FOURTEENTH CAUSE OF ACTION - NEGLIGENCE
### (as against defendant Kuwait)

163.    Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 163 of the Complaint with the same force and effect as if set forth herein at length.

164.    Denies the allegations in paragraph 164 of the Complaint, except admits that at the time of the subject incident the KAC Aircraft was parked at Hardstand 63.

165.    Denies the allegations in paragraph 165 of the Complaint.

166.    The allegations in paragraph 166 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 166 of the Complaint, and refers all questions of law to the Court.

167.    The allegations in paragraph 167 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 167 of the Complaint, and refers all questions of law to the Court.

168.    The allegations in paragraph 168 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 168 of the Complaint, and refers all questions of law to the Court.

169.    The allegations in paragraph 169 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 169 of the Complaint, and refers all questions of law to the Court.

170.     The allegations in paragraph 170 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 170 of the Complaint, and refers all questions of law to the Court.

171.     The allegations in paragraph 171 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 171 of the Complaint, and refers all questions of law to the Court.

## FIFTEENTH CAUSE OF ACTION – NEGLIGENCE PER SE
### (as against defendant Kuwait)

172.     Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 172 of the Complaint with the same force and effect as if set forth herein at length.

173.     The allegations in paragraph 173 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 173 of the Complaint, except admits that the statutory provisions of New York General Business Law Section 245(1) are self-evident, and refers all questions of law to the Court.

174.     The allegations in paragraph 174 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 174 of the Complaint, and refers all questions of law to the Court.

175.     The allegations in paragraph 175 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 175 of the Complaint, and refers all questions of law to the Court.

176.     The allegations in paragraph 176 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 176 of the Complaint, and refers all questions of law to the Court.

177.    The allegations in paragraph 177 of the Complaint contain conclusions of law to which no response is required. To the extent a response is necessary, KAC denies the allegations in paragraph 177 of the Complaint, except admits that the statutory provisions of New York General Business Law Section 245(10)(b) are self-evident, and refers all questions of law to the Court.

178.    The allegations in paragraph 178 of the Complaint contain conclusions of law to which no response is required. To the extent a response is necessary, KAC denies the allegations in paragraph 178 of the Complaint, except admits that at the time of the subject incident the KAC Aircraft was parked at Hardstand 63, and refers all questions of law to the Court.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 of the Complaint.

180.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 of the Complaint.

181.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 of the Complaint.

182.    The allegations in paragraph 182 of the Complaint contain conclusions of law to which no response is required. To the extent a response is necessary, KAC denies the allegations in paragraph 182 of the Complaint, and refers all questions of law to the Court.

183.    The allegations in paragraph 183 of the Complaint contain conclusions of law to which no response is required. To the extent a response is necessary, KAC denies the allegations in paragraph 183 of the Complaint, and refers all questions of law to the Court.

184.    The allegations in paragraph 184 of the Complaint contain conclusions of law to which no response is required. To the extent a response is necessary, KAC denies the allegations in paragraph 184 of the Complaint, and refers all questions of law to the Court.

13

## SIXTEENTH CAUSE OF ACTION - GROSS NEGLIGENCE
### (as against defendant Kuwait)

185.    Repeats and realleges each and every admission and denial made in response to the paragraphs of the Complaint referred to in paragraph 185 of the Complaint with the same force and effect as if set forth herein at length.

186.    Denies the allegations in paragraph 186 of the Complaint, except admits that at the time of the subject incident the KAC Aircraft was parked at Hardstand 63.

187.    Denies the allegations in paragraph 187 of the Complaint, except admits that that at the time of the subject incident the KAC aircraft was parked at Hardstand 63.

188.    The allegations in paragraph 188 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 188 of the Complaint, and refers all questions of law to the Court.

189.    Denies the allegations in paragraph 189 of the Complaint.

190.    The allegations in paragraph 190 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 190 of the Complaint, and refers all questions of law to the Court.

191.    The allegations in paragraph 191 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 191 of the Complaint, and refers all questions of law to the Court.

192.    The allegations in paragraph 192 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 192 of the Complaint, and refers all questions of law to the Court.

193.    The allegations in paragraph 193 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in

paragraph 193 of the Complaint, and refers all questions of law to the Court.

194.    The allegations in paragraph 194 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is necessary, KAC denies the allegations in paragraph 194 of the Complaint, and refers all questions of law to the Court.

195.    Denies the allegations in the paragraph beginning "WHEREFORE" of the Complaint and all sub-parts thereto.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

196.    The Complaint fails to state a claim against KAC upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

197.    Plaintiff's claims are barred, in whole or in part, to the extent that the Court lacks subject matter jurisdiction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

198.    The alleged damages claimed by plaintiff CSA are barred or diminished by CSA's own culpable conduct.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

199.    The damages alleged in the Complaint, if any, were the result, in whole or in part, of the direct and proximate negligence, want of care, or other conduct of persons, their agents or employees, or others over whom KAC had no control at any time relevant hereto, and in the event KAC is found liable to plaintiff CSA, which liability is expressly denied, KAC will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

200.    The damages alleged in the Complaint were brought about by an intervening and

superseding cause and were not caused by KAC or by any third party for whom KAC is responsible.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

201.    KAC's liability to plaintiff CSA, if any, must be limited by the provisions of Article 16 of the N.Y. C.P.L.R.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

202.    Any damages awarded to plaintiff CSA must be reduced pursuant to N.Y. C.P.L.R. § 4545(c) by the amount of any collateral source including, but not limited to, insurance, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

203.    Plaintiff CSA's claims may be barred, in whole or in part, by the principles of waiver, release, estoppel, unclean hands, and/or laches.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

204.    Plaintiff did not suffer any damages attributable to any actions of KAC.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

205.    If damaged, which KAC expressly denies, plaintiff CSA has failed to make reasonable efforts to mitigate damages.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

206.    KAC is not liable to plaintiff CSA because it complied with all applicable government and/or other relevant regulations in effect at the time of the events described in the Complaint.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

207.    Due to the fact that KAC is a "foreign state" within the meaning of the Foreign

Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.* ("FSIA"), organized and existing under the laws of Kuwait with its headquarters and principal place of business in Kuwait, it is entitled to all the rights, privileges, protections, and defenses afforded by the FSIA, including the right to a non-jury trial.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

208.   Plaintiff CSA failed to join persons/entities who ought to be parties or are necessary and/or indispensable to a just adjudication of its claims.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

209.   This action is governed by the Federal Aviation Act of 1958, 49 U.S.C. §40101 *et seq.*, which preempts state law standards governing aviation safety and flight operations.

### RESERVATION OF DEFENSES

210.   KAC reserves its right to assert any and all additional defenses as may be revealed by further investigation and discovery.

### COUNTERCLAIMS AGAINST PLAINTIFF CHINA SOUTHERN AIRLINES CO., LTD.

Defendant and Counter-Claimant KUWAIT AIRWAYS CORPORATION ("KAC"), by and through its attorneys, Condon & Forsyth LLP, for its Counterclaim against Plaintiff and Counter-Defendant, CHINA SOUTHERN AIRLINES CO., LTD. ("CSA") alleges as follows:

211.   KAC repeats and realleges each and every allegation made in the preceding paragraphs 1 through 210 with the same force and effect as if set forth herein at length.

### PARTIES

212.   KAC is corporation duly organized and existing under the laws of Kuwait with its headquarters and principal place of business in Kuwait.

213.   CSA is a foreign corporation with its principal place of business in China.

17

214.     CSA is authorized to do business in the United States and the State of New York.

215.     SWISSPORT USA, INC. ("Swissport") is a Delaware corporation with its principal place of business in Dulles, Virginia.

216.     Swissport conducted business in the State of New York at all times relevant to this lawsuit.

## JURISDICTION AND VENUE

217.     The Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a), to the extent this Court has original jurisdiction over Civil Action No. 18-CV-7454 commenced by CSA against KAC with its Complaint pursuant to 28 U.S.C. 1330(a), in that defendant KAC is a foreign state, as defined in 28 U.S.C. § 1603(a).

218.     The Court has *in personam* jurisdiction over CSA and Swissport because CSA and Swissport each, respectively, conduct business in this jurisdiction and because CSA and Swissport each, respectively, committed acts and/or omissions that caused KAC injury within this jurisdiction.

219.     Venue is proper in this action under 28 U.S.C. § 1391(b).

## NATURE OF THE ACTION

220.     This Counterclaim is brought by KAC against CSA to recover money damages in connection with property and related damage to KAC's Boeing 777-300ER aircraft bearing registration 9K-AOC ("KAC Aircraft"), all of which arose from an accident at John F. Kennedy International Airport in Queens, New York ("JFK Airport") on January 5, 2018, as well as to recover lost profits, fees, costs and expenses in connection with the incident and property damage.

## FACTS

221.     On January 5, 2018, CSA was operating a 777-300ER Aircraft bearing

18

registration number B-7185 at JFK Airport (the "CSA Aircraft").

222. On January 5, 2018, the CSA Aircraft was being towed by Swissport, pursuant to the terms of a ground handling agreement between CSA and Swissport.

223. On January 5, 2018, the KAC aircraft was parked at Hardstand 63 by Swissport personnel.

224. On January 5, 2018, JFK International Air Terminal LLC ("JFK IAT") and/or Delta Air Lines, Inc. ("Delta") advised certain Swissport personnel that Taxiway BB would be downgraded to category 3 aircraft only (i.e., B737 or smaller) as a result of the known overhanging of the tail of the KAC Aircraft extending partially into Taxiway BB.

225. On January 5, 2018, and after JFK IAT and/or Delta advised certain Swissport personnel that Taxiway BB would be downgraded to category 3 aircraft only, the CSA Aircraft was towed by Swissport along Taxiway BB to park the CSA Aircraft at Hardstand 73.

226. On January 5, 2018, as the CSA Aircraft was towed along Taxiway BB, the CSA Aircraft struck the KAC Aircraft, causing physical damage to the KAC Aircraft.

227. Swissport and CSA knew or should have known that the CSA Aircraft could come into contact with the KAC Aircraft on Taxiway BB.

### FIRST CAUSE OF ACTION - NEGLIGENCE

228. KAC repeats, reiterates and realleges each and every allegation contained in paragraphs 211 through 227 with the same force and effect as if set forth herein at length.

229. CSA owed a duty to KAC to operate, direct, and/or control the CSA Aircraft in a manner so that the CSA Aircraft did not come into contact with the KAC Aircraft.

230. CSA failed to operate, direct, and/or control the CSA Aircraft in a manner so that the CSA Aircraft did not come into contact with the KAC Aircraft.

19

231. CSA's acts and omissions, in connection with traversing Taxiway BB with the CSA Aircraft, at a time when CSA knew or should have known that the CSA Aircraft could come into contact with the KAC Aircraft on Taxiway BB, caused the CSA Aircraft to come into contact with the KAC Aircraft and damages to KAC.

232. CSA was negligent by its acts and omissions in connection with traversing Taxiway BB with the CSA Aircraft, which caused the CSA Aircraft to come into contact with the KAC Aircraft and damages to KAC.

233. The foregoing acts and omissions of CSA proximately caused the CSA Aircraft to come into contact with the KAC Aircraft and damages to KAC.

234. By reason of the foregoing, KAC has been damaged in an amount to be determined at trial, but in excess of the jurisdictional limits of this Court, and CSA is liable to KAC for damage to property and related consequential damages, diminution in value, business interruption and loss of use of the KAC Aircraft, together with interest, costs, and reasonable attorneys' fees and expenses.

## SECOND CAUSE OF ACTION – NEGLIGENCE PER SE

235. KAC repeats, reiterates and realleges each and every allegation contained in paragraphs 211 through 234 with the same force and effect as if set forth herein at length.

236. Section 245(1) of the New York General Business Law prohibits the operation of an aircraft in a careless or reckless manner so as to endanger the life or property of others.

237. CSA's acts and omissions, in connection with traversing Taxiway BB with the CSA Aircraft, constituted careless and reckless operation of the CSA Aircraft that endangered the life and/or property of others.

238. CSA's careless and reckless operation of the CSA Aircraft was the proximate

cause of the CSA Aircraft coming into contact with the KAC Aircraft and damages to KAC.

239. CSA's acts and omissions, in connection with traversing Taxiway BB with the CSA Aircraft, violated Section 245(1) of the General Business Law of New York.

240. By reason of the foregoing, KAC has been damaged in an amount to be determined at trial, but in excess of the jurisdictional limits of this Court, and CSA is liable to KAC for damage to property and related consequential damages, diminution in value, business interruption and loss of use of the KAC Aircraft, together with interest, costs, and reasonable attorneys' fees and expenses.

## CROSS-CLAIMS AGAINST CO-DEFENDANT SWISSPORT USA, INC.

241. KAC repeats and realleges each and every allegation made in the preceding paragraphs 1 through 240 with the same force and effect as if set forth herein at length.

## FIRST CAUSE OF ACTION - NEGLIGENCE

242. KAC repeats, reiterates and realleges each and every allegation contained in paragraph 241 with the same force and effect as if set forth herein at length.

243. Swissport owed a duty to KAC to operate, direct, and/or control the CSA Aircraft in a manner so that the CSA Aircraft did not come into contact with the KAC Aircraft.

244. Swissport failed to operate, direct, and/or control the CSA Aircraft in a manner so that the CSA Aircraft did not come into contact with the KAC Aircraft.

245. Swissport's acts and omissions, in connection with traversing Taxiway BB with the CSA Aircraft, at a time when Swissport knew or should have known that the CSA Aircraft could come into contact with the KAC Aircraft on Taxiway BB, caused the CSA Aircraft to come into contact with the KAC Aircraft and damages to KAC.

246. Swissport was negligent by its acts and omissions in connection with traversing

21

Taxiway BB with the CSA Aircraft, which caused the CSA Aircraft to come into contact with the KAC Aircraft and damages to KAC.

247.    Swissport's acts and omissions in connection with towing and parking the KAC aircraft at Hardstand 63 were reckless and done with the knowledge that damage, delay, injury or loss would probably result.

248.    The foregoing acts and omissions of Swissport proximately caused the CSA Aircraft to come into contact with the KAC Aircraft and damages to KAC.

249.    By reason of the foregoing, KAC has been damaged in an amount to be determined at trial, but in excess of the jurisdictional limits of this Court, and Swissport is liable to KAC for damage to property and related consequential damages, diminution in value, business interruption and loss of use of the KAC Aircraft, together with interest, costs, and reasonable attorneys' fees and expenses.

## SECOND CAUSE OF ACTION – NEGLIGENCE PER SE

250.    KAC repeats, reiterates and realleges each and every allegation contained in paragraphs 241 through 248 with the same force and effect as if set forth herein at length.

251.    Section 245(1) of the New York General Business Law prohibits the operation of an aircraft in a careless or reckless manner so as to endanger the life or property of others.

252.    Swissport's acts and omissions, in connection with traversing Taxiway BB with the CSA Aircraft, constituted careless and reckless operation of the CSA Aircraft that endangered the life and/or property of others.

253.    Swissport's careless and reckless operation of the CSA Aircraft was the proximate cause of the CSA Aircraft coming into contact with the KAC Aircraft and damages to KAC.

254.     Swissport's acts and omissions, in connection with traversing Taxiway BB with the CSA Aircraft, violated Section 245(1) of the General Business Law of New York.

255.     By reason of the foregoing, KAC has been damaged in an amount to be determined at trial, but in excess of the jurisdictional limits of this Court, and Swissport is liable to KAC for damage to property and related consequential damages, diminution in value, business interruption and loss of use of the KAC Aircraft, together with interest, costs, and reasonable attorneys' fees and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, defendant KUWAIT AIRWAYS CORPORATION prays for judgment in its favor as follows:

A.     Dismiss CSA's Second Amended Complaint against KAC in its entirety or, alternatively, judgment limiting KAC's liability pursuant to the foregoing;

B.     Judgment against CSA on KAC's Counterclaims and awarding KAC all attorneys' fees, costs, and disbursements;

C.     Judgment against Swissport on KAC's Cross-Claims and awarding KAC all attorneys' fees, costs, and disbursements; and,

D.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR A NON-JURY TRIAL

KAC demands a non-jury trial on all issues so triable.

Dated:  New York, New York
        October 8, 2019

                                        Respectfully submitted,

                                        CONDON & FORSYTH LLP

                                        By _____
                                            John Maggio (JM 6814)
                                            jmaggio@condonlaw.com
                                        7 Times Square
                                        New York, New York 10036
                                        (212) 490-9100

                                        *Attorneys for Defendant*
                                        KUWAIT AIRWAYS CORPORATION

TO:   Brian K. Cifuentes, Esq.
      Leader & Berkon LLP
      630 Third Avenue
      New York, New York 10017
      Phone:  (212) 486-2400
      Fax:  (212) 486-3099
      Email:  bcifuentes@leaderberkon.com

      Raymond L. Mariani, Esq.
      Leader & Berkon LLP
      500 Mamaroneck Avenue, Suite 320
      Harrison, New York 10528
      Phone:  (914) 705-4568
      Fax:  (914) 705-4578
      Email:  rmariani@leaderberkon.com

      *Attorneys for Plaintiff*
      *CHINA SOUTHERN AIRLINES CO., LTD.*

      Cheryl N. Alterman, Esq.
      Port Authority of New York and New Jersey
      4 World Trade Center
      150 Greenwich Street, 24th Floor
      New York, New York 10007
      Phone:  (212) 435-3431
      Fax:  (212) 435-3834
      Email:  calterman@panynj.gov

                            24

Diane Westwood Wilson, Esq.
Fox Rothschild LLP
101 Park Avenue, 17th Floor
New York, New York 10178
Phone: (212) 278-7900
Fax: (212) 692-0940
Email: dwilson@foxrothschild.com

*Attorneys for Defendant*
*PORT AUTHORITY OF NEW YORK & NEW JERSEY*
*and JFK INTERNATIONAL AIR TERMINAL LLC*

Garth Aubert, Esq.
Fitzpatrick & Hunt, Pagano, Aubert, LLP
633 West Fifth Street, Suite 60th Floor
Los Angeles, California 90071
Phone: (213) 873-2100
Fax: (213) 873-2125
Email: garth.aubert@fitzhunt.com

*Attorneys for Defendant*
*SWISSPORT USA, INC.*

Michael G. Maragoudakis, Esq.
Martinez & Ritorto P.C.
30 Wall Street, 8th Floor
New York, New York 10005
Phone: (212) 248-0800
Fax: (212) 248-0990
Email: mmaragoudakis@mrwings.us

*Attorneys for Defendant*
*DELTA AIR LINES, INC.*

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
                                  ) ss.:
COUNTY OF NEW YORK      )

      Mary Ann Rooney, duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age, and resides in Queens, New York. That on the 8th day of October, 2019 deponent served a copy of the within **ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, CROSSCLAIMS AND COUNTER-CLAIMS OF KUWAIT AIRWAYS CORPORATION** upon:

Brian K. Cifuentes, Esq.
Leader & Berkon LLP
630 Third Avenue
New York, New York 10017
Phone: (212) 486-2400
Fax: (212) 486-3099
Email: bcifuentes@leaderberkon.com

Raymond L. Mariani, Esq.
Leader & Berkon LLP
500 Mamaroneck Avenue, Suite 320
Harrison, New York 10528
Phone: (914) 705-4568
Fax: (914) 705-4578
Email: rmariani@leaderberkon.com

*Attorneys for Plaintiff*
*CHINA SOUTHERN AIRLINES CO., LTD.*

Cheryl N. Alterman, Esq.
Port Authority of New York and New Jersey
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10007
Phone: (212) 435-3431
Fax: (212) 435-3834
Email: calterman@panynj.gov

Diane Westwood Wilson, Esq.
Fox Rothschild LLP
101 Park Avenue, 17th Floor
New York, New York 10178
Phone: (212) 278-7900
Fax: (212) 692-0940
Email: dwilson@foxrothschild.com

*Attorneys for Defendants*
*PORT AUTHORITY OF NEW YORK & NEW JERSEY and JFK INTERNATIONAL AIR TERMINAL LLC*

Garth Aubert, Esq.
Fitzpatrick & Hunt, Pagano, Aubert, LLP
633 West Fifth Street, Suite 60th Floor
Los Angeles, California 90071
Phone: (213) 873-2100
Fax: (213) 873-2125
Email: garth.aubert@fitzhunt.com

*Attorneys for Defendant*
*SWISSPORT USA, INC.*

26

Michael G. Maragoudakis, Esq.
Martinez & Ritorto P.C.
30 Wall Street, 8th Floor
New York, New York 10005
Phone: (212) 248-0800
Fax: (212) 248-0990
Email: mmaragoudakis@mrwings.us

*Attorneys for Defendant*
*DELTA AIR LINES, INC.*

via ECF filing.


Mary Ann Rooney
_____
Mary Ann Rooney


Sworn to before me this
8th day of October 2019


Beatriz Romero
_____
Notary Public

BEATRIZ ROMERO
Notary Public, State of New York
No. 01RO6176808
Qualified in Orange County
Commission Expires November 5, 20_19_

Louis R. Martinez, Esq. (LM9155)
Michael Maragoudakis, Esq. (MM8088)
MARTINEZ & RITORTO, P.C.
30 Wall Street, 8th Floor
New York, New York 10005
Tel. (212) 248-0800
*Attorneys for Defendant*
DELTA AIR LINES, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHINA SOUTHERN AIRLINES CO., LTD.,

                Plaintiff,

    -against-

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, SWISSPORT USA, INC.,
DELTA AIR LINES, INC., JFK
INTERNATIONAL AIR TERMINAL LLC, and
KUWAIT AIRWAYS CORPORATION,
                Defendants.

Case No.: 1:18-cv-07454 (RJD)(VMS)

**DEFENDANT
DELTA AIR LINES, INC.'s ANSWER
TO THE SECOND AMENDED
COMPLAINT**

**ECF CASE**

---

        Defendant DELTA AIR LINES, INC. (hereinafter "DELTA"), by its attorneys,

Martinez & Ritorto, P.C., as and for an Answer to Plaintiff's Second Amended Complaint

herein, respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

        1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 1 of the Second Amended Complaint.

## JURISDICTION AND VENUE

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 2 of the Second Amended Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Second Amended Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Second Amended Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Second Amended Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Second Amended Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Second Amended Complaint.

8.      Denies the allegations of Paragraph 8 of the Second Amended Complaint, except admits that it is a Delaware Corporation, and that it conducts significant business within this district.

9.      Admits the allegations of Paragraph 9 of the Second Amended Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Second Amended Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Second Amended Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Second Amended Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Second Amended Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Second Amended Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Second Amended Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Second Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Second Amended Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Second Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Second Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Second Amended Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Second Amended Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Second Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Second Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Second Amended Complaint.

25.     The allegations of Paragraph 25 of the Second Amended Complaint are conclusions of law to which DELTA is not required to plead and DELTA respectfully refers all questions of law to the Court.  To the extent a response is required, DELTA denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Second Amended Complaint.

26.     The allegations of Paragraph 26 of the Second Amended Complaint are conclusions of law to which DELTA is not required to plead and DELTA respectfully refers all questions of law to the Court.  To the extent a response is required, DELTA denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Second Amended Complaint.

27.     The allegations of Paragraph 27 of the Second Amended Complaint are conclusions of law to which DELTA is not required to plead and DELTA respectfully refers all questions of law to the Court.  To the extent a response is required, DELTA denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Second Amended Complaint.

28.     The allegations of Paragraph 28 of the Second Amended Complaint are conclusions of law to which DELTA is not required to plead and DELTA respectfully refers all questions of law to the Court.  To the extent a response is required, DELTA denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Second Amended Complaint.

29.     The allegations of Paragraph 29 of the Second Amended Complaint are conclusions of law to which DELTA is not required to plead and DELTA respectfully refers all questions of law to the Court.  To the extent a response is required, DELTA denies knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Second Amended Complaint.

## FACTS COMMON TO ALL CLAIMS

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Second Amended Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Second Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Second Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Second Amended Complaint.

34.     Denies the allegations of Paragraph 34 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 of the Second Amended Complaint.

35.     Denies the allegations of Paragraph 35 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 of the Second Amended Complaint.

36.     Denies the allegations of Paragraph 36 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 of the Second Amended Complaint.

37.     Denies the allegations of Paragraph 37 of the Second Amended Complaint as stated.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Second Amended Complaint.

39.     Denies the allegations of Paragraph 39 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 of the Second Amended Complaint.

40.     Denies the allegations of Paragraph 40 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the Second Amended Complaint.

41.     Denies the allegations of Paragraph 41 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 of the Second Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Second Amended Complaint.

43.     Denies the allegations of Paragraph 43 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 of the Second Amended Complaint.

44.     Denies the allegations of Paragraph 44 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 of the Second Amended Complaint.

45.     Denies the allegations of Paragraph 45 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 of the Second Amended Complaint.

46.     Denies the allegations of Paragraph 46 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 of the Second Amended Complaint.

47.     Denies the allegations of Paragraph 47 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the Second Amended Complaint.

48.     Denies the allegations of Paragraph 48 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the Second Amended Complaint.

49.     Denies the allegations of Paragraph 49 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 of the

Second Amended Complaint.

50.     Denies the allegations of Paragraph 50 of the Second Amended Complaint as

stated.

51.     Denies the allegations of Paragraph 51 of the Second Amended Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 52 of the Second Amended Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 53 of the Second Amended Complaint.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT
### (as against defendant the Port Authority)

54.     DELTA repeats, realleges, and incorporates herein by reference all of the

allegations and denials contained in Paragraphs 1 through 53 of the Answer as if fully stated

herein.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 55 of the Second Amended Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 56 of the Second Amended Complaint.

57.     Denies the allegations of Paragraph 57 of the Second Amended Complaint to the

extent they are asserted against DELTA and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57 of the

Second Amended Complaint.

58.     Denies the allegations of Paragraph 58 of the Second Amended Complaint to the

extent they are asserted against DELTA and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 of the Second Amended Complaint.

59.     Denies the allegations of Paragraph 59 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59 of the Second Amended Complaint.

60.     Denies the allegations of Paragraph 60 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60 of the Second Amended Complaint.

61.     Denies the allegations of Paragraph 61 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61 of the Second Amended Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Second Amended Complaint.

63.     Denies the allegations of Paragraph 63 of the Second Amended Complaint.

## SECOND CAUSE OF ACTION
### (as against defendant the Port Authority)

64.     DELTA repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 63 of the Answer as if fully stated herein.

65.     Denies the allegations of Paragraph 65 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65 of the Second Amended Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Second Amended Complaint.

67.     Denies the allegations of Paragraph 67 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67 of the Second Amended Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Second Amended Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Second Amended Complaint.

70.     Denies the allegations of Paragraph 70 of the Second Amended Complaint to the extent they are asserted against DELTA and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 70 of the Second Amended Complaint.

71.     Denies the allegations of Paragraph 71 of the Second Amended Complaint.

**THIRD CAUSE OF ACTION – GROSS NEGLIGENCE**
**(as against defendant the Port Authority)**

72.     DELTA repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 71 of the Answer as if fully stated herein.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Second Amended Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Second Amended Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Second Amended Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Second Amended Complaint.

77.     Denies the allegations of Paragraph 77 of the Second Amended Complaint.

**FOURTH CAUSE OF ACTION – BREACH OF CONTRACT**
**(as against defendant Swissport)**

78.     DELTA repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 77 of the Answer as if fully stated herein.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Second Amended Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Second Amended Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Second Amended Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Second Amended Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the Second Amended Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Second Amended Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Second Amended Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Second Amended Complaint.

87.     Denies the allegations of Paragraph 87 of the Second Amended Complaint.

## FIFTH CAUSE OF ACTION – NEGLIGENCE
### (as against defendant Swissport)

88.     DELTA repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 87 of the Answer as if fully stated herein.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of the Second Amended Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the Second Amended Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the Second Amended Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the Second Amended Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the Second Amended Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Second Amended Complaint.

95.     Denies the allegations of Paragraph 95 of the Second Amended Complaint.

## SIXTH CAUSE OF ACTION – NEGLIGENCE PER SE
### (as against defendant Swissport)

96.     DELTA repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 95 of the Answer as if fully stated herein.

97.     The allegations of Paragraph 97 of the Second Amended Complaint are conclusions of law to which DELTA is not required to plead and DELTA respectfully refers all questions of law to the Court.  To the extent a response is required, DELTA denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the Second Amended Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of the Second Amended Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Second Amended Complaint.

100.     The allegations of Paragraph 100 of the Second Amended Complaint are conclusions of law to which DELTA is not required to plead and DELTA respectfully refers all questions of law to the Court.  To the extent a response is required, DELTA denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Second Amended Complaint.

101.     Denies the allegations of Paragraph 101 of the Second Amended Complaint.

## SEVENTH CAUSE OF ACTION – GROSS NEGLIGENCE
### (as against defendant Swissport)

102.    DELTA repeats, realleges, and incorporates herein by reference all of the

allegations and denials contained in Paragraphs 1 through 101 of the Answer as if fully stated

herein.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 103 of the Second Amended Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 104 of the Second Amended Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 105 of the Second Amended Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 106 of the Second Amended Complaint.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 107 of the Second Amended Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 108 of the Second Amended Complaint.

109.    Denies the allegations of Paragraph 109 of the Second Amended Complaint.

## EIGHT CAUSE OF ACTION – BREACH OF CONTRACT
### (as against defendant Delta)

110.    DELTA repeats, realleges, and incorporates herein by reference all of the

allegations and denials contained in Paragraphs 1 through 109 of the Answer as if fully stated

herein.

111.    Denies the allegations of Paragraph 111 of the Second Amended Complaint.

112.     Denies the allegations of Paragraph 112 of the Second Amended Complaint.

113.     Denies the allegations of Paragraph 113 of the Second Amended Complaint.

114.     Denies the allegations of Paragraph 114 of the Second Amended Complaint.

115.     The allegations of Paragraph 115 of the Second Amended Complaint are conclusions of law to which DELTA is not required to plead and DELTA respectfully refers all questions of law to the Court.  To the extent a response is required, DELTA denies the allegations of Paragraph 115 of the Second Amended Complaint.

116.     Denies the allegations of Paragraph 116 of the Second Amended Complaint.

117.     Denies the allegations of Paragraph 117 of the Second Amended Complaint.

118.     Denies the allegations of Paragraph 118 of the Second Amended Complaint.

119.     Denies the allegations of Paragraph 119 of the Second Amended Complaint.

120.     Denies the allegations of Paragraph 120 of the Second Amended Complaint.

121.     Denies the allegations of Paragraph 121 of the Second Amended Complaint.

**NINTH CAUSE OF ACTION – NEGLIGENCE**
**(as against defendant Delta)**

122.     DELTA repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 121 of the Answer as if fully stated herein.

123.     The allegations of Paragraph 123 of the Second Amended Complaint are conclusions of law to which DELTA is not required to plead and DELTA respectfully refers all questions of law to the Court.  To the extent a response is required, DELTA denies the allegations of Paragraph 123 of the Second Amended Complaint.

124.     Denies the allegations of Paragraph 124 of the Second Amended Complaint.

125.     Denies the allegations of Paragraph 125 of the Second Amended Complaint.

126.     Denies the allegations of Paragraph 126 of the Second Amended Complaint.

127.     Denies the allegations of Paragraph 127 of the Second Amended Complaint.

128.     Denies the allegations of Paragraph 128 of the Second Amended Complaint.

## TENTH CAUSE OF ACTION – GROSS NEGLIGENCE
### (as against defendant Delta)

129.     DELTA repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 128 of the Answer as if fully stated herein.

130.     Denies the allegations of Paragraph 130 of the Second Amended Complaint.

131.     Denies the allegations of Paragraph 131 of the Second Amended Complaint.

132.     Denies the allegations of Paragraph 132 of the Second Amended Complaint.

133.     Denies the allegations of Paragraph 133 of the Second Amended Complaint.

134.     Denies the allegations of Paragraph 134 of the Second Amended Complaint.

135.     Denies the allegations of Paragraph 135 of the Second Amended Complaint.

136.     Denies the allegations of Paragraph 136 of the Second Amended Complaint.

## ELEVENTH CAUSE OF ACTION – BREACH OF CONTRACT
### (as against defendant JFKIAT)

137.     DELTA repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 136 of the Answer as if fully stated herein.

138.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 of the Second Amended Complaint.

139.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 of the Second Amended Complaint.

140.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 of the Second Amended Complaint.

141.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141 of the Second Amended Complaint.

142.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 of the Second Amended Complaint.

143.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143 of the Second Amended Complaint.

144.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 of the Second Amended Complaint.

145.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 of the Second Amended Complaint.

146.     Denies the allegations of Paragraph 146 of the Second Amended Complaint.

**TWELFTH CAUSE OF ACTION – NEGLIGENCE**
**(as against defendant JFKIAT)**

147.     DELTA repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 146 of the Answer as if fully stated herein.

148.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 of the Second Amended Complaint.

149.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 of the Second Amended Complaint.

150.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 of the Second Amended Complaint.

151.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 of the Second Amended Complaint.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 of the Second Amended Complaint.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 of the Second Amended Complaint.

154.    Denies the allegations of Paragraph 154 of the Second Amended Complaint.

**THIRTEENTH CAUSE OF ACTION – GROSS NEGLIGENCE**
**(as against defendant JFKIAT)**

155.    DELTA repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 154 of the Answer as if fully stated herein.

156.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 of the Second Amended Complaint.

157.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 of the Second Amended Complaint.

158.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 of the Second Amended Complaint.

159.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159 of the Second Amended Complaint.

160.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160 of the Second Amended Complaint.

161.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161 of the Second Amended Complaint.

162.    Denies the allegations of Paragraph 162 of the Second Amended Complaint.

**FOURTEENTH CAUSE OF ACTION – NEGLIGENCE**
**(as against defendant Kuwait)**

163.    DELTA repeats, realleges, and incorporates herein by reference all of the

allegations and denials contained in Paragraphs 1 through 162 of the Answer as if fully stated

herein.

164.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 164 of the Second Amended Complaint.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 165 of the Second Amended Complaint.

166.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 166 of the Second Amended Complaint.

167.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 167 of the Second Amended Complaint.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 168 of the Second Amended Complaint.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 169 of the Second Amended Complaint.

170.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 170 of the Second Amended Complaint.

171.    Denies the allegations of Paragraph 171 of the Second Amended Complaint.

## FIFTEENTH CAUSE OF ACTION – NEGLIGENCE PER SE
### (as against defendant Kuwait)

172.    DELTA repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 171 of the Answer as if fully stated herein.

173.    The allegations of Paragraph 173 of the Second Amended Complaint are conclusions of law to which DELTA is not required to plead and DELTA respectfully refers all questions of law to the Court.  To the extent a response is required, DELTA denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 173 of the Second Amended Complaint.

174.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174 of the Second Amended Complaint.

175.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175 of the Second Amended Complaint.

176.    The allegations of Paragraph 176 of the Second Amended Complaint are conclusions of law to which DELTA is not required to plead and DELTA respectfully refers all questions of law to the Court.  To the extent a response is required, DELTA denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176 of the Second Amended Complaint.

177.    The allegations of Paragraph 177 of the Second Amended Complaint are conclusions of law to which DELTA is not required to plead and DELTA respectfully refers all questions of law to the Court.  To the extent a response is required, DELTA denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 177 of the Second Amended Complaint.

178.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 178 of the Second Amended Complaint.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 179 of the Second Amended Complaint.

180.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 180 of the Second Amended Complaint.

181.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181 of the Second Amended Complaint.

182.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182 of the Second Amended Complaint.

183.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183 of the Second Amended Complaint.

184.    Denies the allegations of Paragraph 184 of the Second Amended Complaint.

## SIXTEENTH CAUSE OF ACTION – GROSS NEGLIGENCE
### (as against defendant Kuwait)

185.    DELTA repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 184 of the Answer as if fully stated herein.

186.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186 of the Second Amended Complaint.

187.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187 of the Second Amended Complaint.

188.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188 of the Second Amended Complaint.

21

189.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189 of the Second Amended Complaint.

190.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190 of the Second Amended Complaint.

191.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 191 of the Second Amended Complaint.

192.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192 of the Second Amended Complaint.

193.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193 of the Second Amended Complaint.

194.    Denies the allegations of Paragraph 194 of the Second Amended Complaint.

## AS AND FOR A FIRST DEFENSE

195.    The Second Amended Complaint and each purported claim for relief fails to state a claim against DELTA upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

196.    PLAINTIFF failed to join persons who ought to be parties or are necessary and/or indispensable to a just adjudication of their claim.

## AS AND FOR A THIRD DEFENSE

197.    To the extent that any dangerous condition existed on the premises where the accident allegedly occurred, such condition was open and obvious.

## AS AND FOR A FOURTH DEFENSE

198.    The occurrence and damages alleged in the Second Amended Complaint, if any, were contributed to by the fault, neglect, and want of care of persons or parties other than

DELTA for whose acts or omissions DELTA is not liable or responsible, and any liability or responsibility for damages sustained by PLAINTIFF is thereby barred or, in the alternative, should be apportioned in accordance with applicable law.

## AS AND FOR A FIFTH DEFENSE

199.    If PLAINTIFF was damaged as alleged in the Second Amended Complaint or otherwise as may be shown, such damages were solely and proximately caused by the independent, intervening, or superseding acts or omissions of other parties or persons for which DELTA is not liable or responsible.

## AS AND FOR A SIXTH DEFENSE

200.    The occurrence and damages alleged in the Second Amended Complaint, if any, were caused in whole or in part by the conduct, assumption of the risk, negligence, and/or lack of due care on the part of PLANTIFF.

## AS AND FOR A SEVENTH DEFENSE

201.    To the extent that PLAINTIFF sustained damages as alleged in the Second Amended Complaint, PLAINTIFF failed to mitigate damages as required by applicable law.

## AS AND FOR AN EIGHTH DEFENSE

202.    The occurrence and damages alleged in the Second Amended Complaint, if any, resulted from an Act of God, unavoidable accident, unavoidable danger, sudden emergency, or conditions or occurrences for which DELTA is not liable or responsible.

## AS AND FOR A NINTH DEFENSE

203.    PLAINTIFF'S recovery, if any, must be reduced by any collateral source payment that has been received by PLAINTIFF.

## AS AND FOR A TENTH DEFENSE

204.    The Second Amended Complaint is barred, in whole or in part, by the doctrine of

res judicata, estoppel, unclean hands, and/or laches.

## AS AND FOR A ELEVENTH DEFENSE

205.    DELTA incorporates herein by reference all Affirmative Defenses heretofore or

hereafter asserted by any other Defendant in this Action except to the extent any such

Affirmative Defense may contain allegations adverse to DELTA.

## AS AND FOR A TWELFTH DEFENSE

206.    To the extent that any dangerous condition existed on the premises where the

accident allegedly occurred, PLAINTIFF and its agents failed to heed warnings and/or

instructions regarding such condition.

## AS AND FOR A THIRTEENTH DEFENSE

207.    DELTA reserves its right to assert any and all additional defenses as may be

revealed by further investigation and discovery.

## AS AND FOR CROSSCLAIMS AGAINST
## CO-DEFENDANTS SWISSPORT USA, INC., JFK INTERNATIONAL AIR TERMINAL
## LLC, and KUWAIT AIRWAYS CORPORATION

208.    The injuries and damages alleged in the Second Amended Complaint, which are

specifically incorporated herein by reference, occurred by reason of the acts or omissions of Co-

Defendants Swissport USA, Inc., JFK International Air Terminal LLC, and/or Kuwait Airways

Corporation.

209.    If judgment is entered in favor of Plaintiff against DELTA, then Co-Defendants

Swissport USA, Inc., JFK International Air Terminal LLC, and/or Kuwait Airways Corporation

are correspondingly liable in negligence, breach of contract, and gross negligence, as alleged by

Plaintiff in the Second Amended Complaint, which allegations against Co-Defendants are specifically incorporated herein by reference.

210.    If judgment is entered in favor of Plaintiff against DELTA, then DELTA is entitled to common-law and/or contractual contribution and/or indemnity from Co-Defendants Swissport USA, Inc., JFK International Air Terminal LLC, and/or Kuwait Airways Corporation.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Second Amended Complaint, Defendant DELTA AIR LINES, INC., demands:

1) Judgment dismissing the Second Amended Complaint;

2) Costs and disbursements of this action, including reasonable attorneys' fees; and

3) Such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

DELTA demands a jury trial on all issues so triable.

Dated: New York, New York
September 20, 2019

**MARTINEZ & RITORTO, P.C.**

By __/S Louis R. Martinez_____
    Louis R. Martinez, Esq. (LM9155)

Michael Maragoudakis, Esq. (MM8088)
30 Wall Street, 8th Floor
New York, New York 10005
(212) 248-0800

*Attorneys for Defendant*
DELTA AIR LINES, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CHINA SOUTHERN AIRLINES CO., LTD.,

                 Plaintiff,

    -against-

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, SWISSPORT USA,
INC., DELTA AIR LINES, INC., JFK
INTERNATIONAL AIR TERMINAL LLC,
and KUWAIT AIRWAYS CORPORATION,

               Defendants.

------------------------------------------------------------x

Civil Action No.: 1:18-cv-07454 (RJD)
(VMS)

**ANSWER, COUNTERCLAIM, AND
CROSS-CLAIMS OF JFK
INTERNATIONAL AIR TERMINAL
LLC**

Defendant JFK International Air Terminal LLC ("JFK IAT"), by and through its attorneys, Fox Rothschild LLP, respectfully submits this Answer, Counterclaim, and Cross-Claims to Plaintiff's Second Amended Complaint (the "SAC").

## AS TO THE ALLEGED NATURE OF THE ACTION

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the SAC inasmuch as they are not directed toward JFK IAT.

## AS TO THE ALLEGED JURISDICTION AND VENUE

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the SAC inasmuch as they are not directed toward JFK IAT.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the SAC inasmuch as they are not directed toward JFK IAT.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the SAC inasmuch as they are not directed toward JFK IAT.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the SAC inasmuch as they are not directed toward JFK IAT.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the SAC inasmuch as they are not directed toward JFK IAT.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the SAC inasmuch as they are not directed toward JFK IAT.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the SAC inasmuch as they are not directed toward JFK IAT.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the SAC inasmuch as they are not directed toward JFK IAT.

10.      Denies the allegations set forth in paragraph 10 of the SAC, except admits that JFK IAT is a New York limited liability company comprised of one member which is a Delaware limited liability company; and, pursuant to a lease agreement with the Port Authority of New York and New Jersey, JFK IAT operates, manages, maintains, and controls only those portions of JFK International Airport in Jamaica, New York, commonly referred to as Terminal

4, that are not operated, managed, maintained, or controlled by others pursuant to lease, license, permit, contract, or other agreement, or by virtue of their use, occupancy, or operation thereof.

11.     Denies the allegations set forth in paragraph 11 of the SAC, except admits that JFK IAT is a New York limited liability company comprised of one member which is a Delaware limited liability company.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the SAC inasmuch as they are not directed toward JFK IAT.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the SAC inasmuch as they are not directed toward JFK IAT.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the SAC inasmuch as they are not directed toward JFK IAT.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the SAC inasmuch as they are not directed toward JFK IAT.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the SAC inasmuch as they are not directed toward JFK IAT.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the SAC inasmuch as they are not directed toward JFK IAT.

102465460.v2

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the SAC inasmuch as they are not directed toward JFK IAT.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the SAC inasmuch as they are not directed toward JFK IAT.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the SAC inasmuch as they are not directed toward JFK IAT.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the SAC inasmuch as they are not directed toward JFK IAT.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the SAC inasmuch as they are not directed toward JFK IAT.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the SAC inasmuch as they are not directed toward JFK IAT.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the SAC inasmuch as they are not directed toward JFK IAT.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the SAC inasmuch as they are not directed toward JFK

102465460.v2

IAT, and respectfully refer all questions of law to the Court.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the SAC, and respectfully refers all questions of law to the Court.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the SAC, and respectfully refers all questions of law to the Court.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the SAC, inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

29.     Admits the allegations set forth in paragraph 29 of the SAC.

## AS TO THE ALLEGED FACTS COMMONS TO ALL CLAIMS

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that plaintiff's aircraft was being towed by or on behalf of Swissport USA, Inc. ("Swissport").

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the SAC inasmuch as they are not directed toward JFK IAT.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the

102465460.v2

allegations set forth in paragraph 33 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways Corporation's ("Kuwait Airways") aircraft was towed and/or parked by or on behalf of Swissport.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport.

35.     Denies the allegations set forth in paragraph 35 of the SAC to the extent that they are directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB.

36.     Denies the allegations set forth in paragraph 36 of the SAC to the extent that they are directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport.

38.     Denies the allegations set forth in paragraph 38 of the SAC to the extent that they are directed toward JFK IAT.

39.     Denies the allegations set forth in paragraph 39 of the SAC to the extent that they are directed toward JFK IAT.

40.     Denies the allegations set forth in paragraph 40 of the SAC to the extent that they are directed toward JFK IAT.

102465460.v2

41.     Denies the allegations set forth in paragraph 41 of the SAC to the extent that they are directed toward JFK IAT and/or to the extent that Plaintiff alleges any legal duty or breach thereof on the part of JFK IAT.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the SAC inasmuch as they are not directed toward JFK IAT.

43.     Denies the allegations set forth in paragraph 43 of the SAC to the extent that they are directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport.

44.     Denies the allegations set forth in paragraph 44 of the SAC to the extent that they are directed toward JFK IAT.

45.     Denies the allegations set forth in paragraph 45 of the SAC to the extent that they are directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB.

46.     Denies the allegations set forth in paragraph 46 of the SAC to the extent that they are directed toward JFK IAT, except admits that plaintiff's aircraft was being towed by or on behalf of Swissport.

47.     Denies the allegations set forth in paragraph 47 of the SAC to the extent that they are directed toward JFK IAT, except admits that plaintiff's aircraft was being towed by or on behalf of Swissport.

48.     Denies the allegations set forth in paragraph 48 of the SAC to the extent that they are directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport and plaintiff's aircraft was being towed by or on behalf of

Swissport.

49.     Denies the allegations set forth in paragraph 49 of the SAC to the extent that they are directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that plaintiff's aircraft was being towed by or on behalf of Swissport.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the SAC inasmuch as they are not directed toward JFK IAT.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the SAC inasmuch as they are not directed toward JFK IAT.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the SAC inasmuch as they are not directed toward JFK IAT.

## AS TO THE ALLEGED FIRST CAUSE OF ACTION

54.     JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 53 inclusive of its Answer as if more fully set forth herein.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that JFK IAT and China Southern Airlines Co., Ltd. ("China Southern") are parties to a John F. Kennedy International Airport Terminal 4 – License Agreement, effective

August 1, 2014 (the "License Agreement").

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that JFK IAT and China Southern are parties to the License Agreement, and respectfully refers all questions of law to the Court.

57.     Denies the allegations set forth in paragraph 57 of the SAC to the extent that they are directed toward JFK IAT, and respectfully refers all questions of law to the Court.

58.     Denies the allegations set forth in paragraph 58 of the SAC to the extent that they are directed toward JFK IAT, and respectfully refers all questions of law to the Court.

59.     Denies the allegations set forth in paragraph 59 of the SAC to the extent that they are directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB, and respectfully refers all questions of law to the Court

60.     Denies the allegations set forth in paragraph 60 of the SAC to the extent that they are directed toward JFK IAT, and respectfully refers all questions of law to the Court.

61.     Denies the allegations set forth in paragraph 61 of the SAC to the extent that they are directed toward JFK IAT, and respectfully refers all questions of law to the Court.

62.     Denies the allegations set forth in paragraph 62 of the SAC, and respectfully refers all questions of law to the Court.

63.     Denies the allegations set forth in paragraph 63 of the SAC.

**<u>AS TO THE ALLEGED SECOND CAUSE OF ACTION</u>**

64.     JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 63 inclusive of its Answer as if more fully set forth herein.

65.     Denies the allegations set forth in paragraph 65 of the SAC to the extent that they

102465460.v2

are directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB.

66.     Denies the allegations set forth in paragraph 66 of the SAC to the extent that they are directed toward JFK IAT.

67.     Denies the allegations set forth in paragraph 67 of the SAC to the extent that they are directed toward JFK IAT.

68.     Denies the allegations set forth in paragraph 68 of the SAC to the extent that they are directed toward JFK IAT, and respectfully refers all questions of law to the Court.

69.     Denies the allegations set forth in paragraph 69 of the SAC to the extent that they are directed toward JFK IAT, and respectfully refers all questions of law to the Court.

70.     Denies the allegations set forth in paragraph 70 of the SAC to the extent that they are directed toward JFK IAT, and respectfully refers all questions of law to the Court.

71.     Denies the allegations set forth in paragraph 71 of the SAC.

## AS TO THE ALLEGED THIRD CAUSE OF ACTION

72.     JFK IAT and re-alleges each and every response contained in paragraphs 1 through 71 of its Answer as if more fully set forth herein.

73.     Denies the allegations set forth in paragraph 73 of the SAC to the extent that they are directed toward JFK IAT, and respectfully refers all questions of law to the Court.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the SAC inasmuch as they are not directed toward JFK

IAT, and respectfully refers all questions of law to the Court.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

77.     Denies the allegations set forth in paragraph 77 of the SAC.

## AS TO THE ALLEGED FOURTH CAUSE OF ACTION

78.     JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 77 inclusive of its Answer as if more fully set forth herein.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the SAC inasmuch as they are not directed toward JFK IAT.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the SAC inasmuch as they are not directed toward JFK IAT.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the SAC inasmuch as they are not directed toward JFK IAT, except admits plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the SA inasmuch as they are not directed toward JFK IAT, except admits plaintiff's aircraft was being towed by or on behalf of Swissport,

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the SAC inasmuch as they are not directed toward JFK

IAT, except admits that plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

87.     Denies the allegations set forth in paragraph 87 of the SAC.

## AS TO THE ALLEGED FIFTH CAUSE OF ACTION

88.     JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 87 inclusive of its Answer as if more fully set forth herein.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 90 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

95.     Denies the allegations set forth in paragraph 95 of the SAC.

## AS TO THE ALLEGED SIXTH CAUSE OF ACTION

96.     JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 95 inclusive of its Answer as if more fully set forth herein.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

101.     Denies the allegations set forth in paragraph 101 of the SAC.

102465460.v2

## AS TO THE ALLEGED SEVENTH CAUSE OF ACTION

102.     JFK IAT repeats and re-alleges each and every response contained in paragraphs

1 through 101 inclusive of its Answer as if more fully set forth herein.

103.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 103 of the SAC inasmuch as they are not directed toward JFK

IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of

Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully

refers all questions of law to the Court.

104.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 104 of the SAC inasmuch as they are not directed toward JFK

IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of

Swissport.

105.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 105 of the SAC inasmuch as they are not directed toward JFK

IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of

Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully

refers all questions of law to the Court.

106.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 106 of the SAC inasmuch as they are not directed toward JFK

IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of

Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully

refers all questions of law to the Court.

107.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 107 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

108.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that Kuwait Airways' aircraft was towed and/or parked by or on behalf of Swissport and plaintiff's aircraft was being towed by or on behalf of Swissport, and respectfully refers all questions of law to the Court.

109.     Denies the allegations set forth in paragraph 109 of the SAC.

### AS TO THE ALLEGED EIGHTH CAUSE OF ACTION

110.     JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 109 inclusive of its Answer as if more fully set forth herein.

111.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations inasmuch as they are not directed toward JFK IAT, and to the extent the allegations are directed toward JFK IAT, denies, except admits that JFK IAT and Delta Air Lines, Inc. ("Delta") are parties to an Anchor Tenant Agreement, dated December 9, 2010 (the "Anchor Tenant Agreement"), and an Agreement for Providing Ramp Control Services Terminal 4 JFK International Airport, dated May 25, 2013 (the "Ramp Control Agreement").

112.     Denies the allegations set forth in paragraph 112 of the SAC, except admits that JFK IAT and China Southern are parties to the License Agreement.

113.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the SAC inasmuch as they are not directed toward JFK

IAT, and to the extent the allegations are directed toward JFK IAT, denies, except admits that JFK IAT and China Southern are parties to the License Agreement, and JFK IAT and Delta are parties to the Anchor Tenant Agreement and the Ramp Control Agreement, and respectfully refers all questions of law to the Court.

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the SAC inasmuch as they are not directed toward JFK IAT, and to the extent the allegations are directed toward JFK IAT, denies, except admits that JFK IAT and China Southern are parties to the License Agreement, JFK IAT and Delta are parties to the Anchor Tenant Agreement and the Ramp Control Agreement, and a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB, and respectfully refers all questions of law to the Court.

115.     Denies the allegations set forth in paragraph 115 of the SAC, except admits that JFK IAT and Delta are parties to the Anchor Tenant Agreement and the Ramp Control Agreement, and respectfully refers all questions of law to the Court.

116.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB.

117.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the SAC inasmuch as they are not directed toward JFK IAT, and to the extent the allegations are directed toward JFK IAT, denies, except admits that JFK IAT and China Southern are parties to the License Agreement, and JFK IAT and Delta are parties to the Anchor Tenant Agreement and the Ramp Control Agreement, and respectfully refers all questions of law to the Court.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB.

119.    Denies the allegations set forth in paragraph 119 of the SAC to the extent that plaintiff is alleging a breach by JFK IAT, and respectfully refers all questions of law to the Court.

120.    Denies the allegations set forth in paragraph 120 of the SAC, and respectfully refers all questions of law to the Court.

121.    Denies the allegations set forth in paragraph 121 of the SAC.

### AS TO THE ALLEGED NINTH CAUSE OF ACTION

122.    JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 121 inclusive of its Answer as if more fully set forth herein.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB, and respectfully refers all questions of law to the Court.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB, and respectfully refers all questions of law to the Court.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB, and respectfully refers all questions of law to the Court.

127.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB, and respectfully refers all questions of law to the Court.

128.    Denies the allegations set forth in paragraph 128 of the SAC.

## AS TO THE ALLEGED TENTH CAUSE OF ACTION

129.    JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 128 inclusive of its Answer as if more fully set forth herein.

130.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB.

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB.

132.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB, and respectfully refers all questions of law to the Court.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 133 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB, and respectfully refers all questions of law to the Court.

134.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB, and respectfully refers all questions of law to the Court.

135.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the SAC inasmuch as they are not directed toward JFK IAT, except admits that a Delta employee directed plaintiff's aircraft to proceed via Taxiway BB, and respectfully refers all questions of law to the Court.

136.   Denies the allegations set forth in paragraph 136 of the SAC.

## AS TO THE ALLEGED ELEVENTH CAUSE OF ACTION

137.   JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 136 inclusive of its Answer as if more fully set forth herein.

138.   Denies the allegations set forth in paragraph 138 of the SAC, except admits that JFK IAT and China Southern are parties to the License Agreement.

139.   Denies the allegations set forth in paragraph 139 of the SAC, except admits that JFK IAT and China Southern are parties to the License Agreement, and respectfully refers all questions of law to the Court.

140.   Denies the allegations set forth in paragraph 140 of the SAC, and respectfully refers all questions of law to the Court.

141.   Denies the allegations set forth in paragraph 141 of the SAC, and respectfully

refers all questions of law to the Court.

142.     Denies the allegations set forth in paragraph 142 of the SAC, and respectfully refers all questions of law to the Court.

143.     Denies the allegations set forth in paragraph 143 of the SAC, and respectfully refers all questions of law to the Court.

144.     Denies the allegations set forth in paragraph 144 of the SAC, and respectfully refers all questions of law to the Court.

145.     Denies the allegations set forth in paragraph 145 of the SAC, and respectfully refers all questions of law to the Court.

146.     Denies the allegations set forth in paragraph 146 of the SAC.

## AS TO THE ALLEGED TWELFTH CAUSE OF ACTION

147.     JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 146 inclusive of its Answer as if more fully set forth herein.

148.     Denies the allegations set forth in paragraph 148 of the SAC, and respectfully refers all questions of law to the Court.

149.     Denies the allegations set forth in paragraph 149 of the SAC and denies to the extent that Plaintiff alleges any legal duty or breach thereof on the part of JFK IAT.

150.     Denies the allegations set forth in paragraph 150 of the SAC, and respectfully refers all questions of law to the Court.

151.     Denies the allegations set forth in paragraph 151 of the SAC, and respectfully refers all questions of law to the Court.

152.     Denies the allegations set forth in paragraph 152 of the SAC, and respectfully refers all questions of law to the Court.

153.    Denies the allegations set forth in paragraph 153 of the SAC, and respectfully refers all questions of law to the Court.

154.    Denies the allegations set forth in paragraph 154 of the SAC.

## AS TO THE ALLEGED THIRTEENTH CAUSE OF ACTION

155.    JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 154 inclusive of its Answer as if more fully set forth herein.

156.    Denies the allegations set forth in paragraph 156 of the SAC, and respectfully refers all questions of law to the Court.

157.    Denies the allegations set forth in paragraph 157 of the SAC.

158.    Denies the allegations set forth in paragraph 158 of the SAC, and respectfully refers all questions of law to the Court.

159.    Denies the allegations set forth in paragraph 159 of the SAC, and respectfully refers all questions of law to the Court.

160.    Denies the allegations set forth in paragraph 160 of the SAC, and respectfully refers all questions of law to the Court.

161.    Denies the allegations set forth in paragraph 161 of the SAC, and respectfully refers all questions of law to the Court.

162.    Denies the allegations set forth in paragraph 162 of the SAC.

## AS TO THE ALLEGED FOURTEENTH CAUSE OF ACTION

163.    JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 162 inclusive of its Answer as if more fully set forth herein.

164.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 164 of the SAC inasmuch as they are not directed toward JFK

IAT.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165 of the SAC inasmuch as they are not directed toward JFK IAT.

166.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 166 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

167.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 167 of the SAC inasmuch as they are not directed toward JFK IAT.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 168 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 169 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

170.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 170 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

171.    Denies the allegations set forth in paragraph 171 of the SAC.

### AS TO THE ALLEGED FIFTEENTH CAUSE OF ACTION

172.    JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 171 inclusive of its Answer as if more fully set forth herein.

102465460.v2

173.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

174.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 174 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

175.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 175 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

176.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 176 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

177.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 177 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

178.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 178 of the SAC inasmuch as they are not directed toward JFK IAT.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 179 of the SAC inasmuch as they are not directed toward JFK IAT.

180.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 180 of the SAC inasmuch as they are not directed toward JFK

IAT.

181.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 181 of the SAC inasmuch as they are not directed toward JFK IAT.

182.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 182 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

183.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 183 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

184.     Denies the allegations set forth in paragraph 184 of the SAC.

## AS TO THE ALLEGED SIXTEENTH CAUSE OF ACTION

185.     JFK IAT repeats and re-alleges each and every response contained in paragraphs 1 through 184 inclusive of its Answer as if more fully set forth herein.

186.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 186 of the SAC inasmuch as they are not directed toward JFK IAT.

187.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 187 of the SAC inasmuch as they are not directed toward JFK IAT

188.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 188 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

189. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 189 of the SAC inasmuch as they are not directed toward JFK IAT.

190. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 190 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

191. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 191 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

192. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 192 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

193. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 193 of the SAC inasmuch as they are not directed toward JFK IAT, and respectfully refers all questions of law to the Court.

194. Denies the allegations set forth in paragraph 194 of the SAC.

195. Denies that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following paragraph "194" of the SAC, or to any relief whatsoever from JFK IAT.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

196. The Complaint fails to state a claim against JFK IAT upon which relief can be granted.

## **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

197.    Pursuant to §§1411, 1412, and other applicable provisions of the CPLR and as a matter of New York law, JFK IAT alleges that if Plaintiff sustained damages as alleged in Plaintiff's Complaint, such damages were caused in whole or in part by the culpable conduct, including but not limited to contributory negligence and/or assumption of risk, on the part of Plaintiff.  JFK IAT is entitled to a diminution of damages otherwise recoverable in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct that caused the damages.

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

198.    The damages alleged in the Complaint, if any, were the result, in whole or in part, of the direct and proximate negligence, want of care, or other conduct of persons, their agents or employees, or others unknown at this time over whom JFK IAT had no control at any time relevant hereto, and in the event defendant JFK IAT is found liable to Plaintiff, which liability is expressly denied, JFK IAT will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

199.    The damages alleged in the Complaint were brought about by an intervening and superseding cause and were not caused by JFK IAT or by any third party for whom JFK IAT is responsible.

## **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

200.    JFK IAT's liability to Plaintiff, if any, must be limited by the provisions of Article 16 of the CPLR.

102465460.v2

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

201.    The damages or injuries alleged by Plaintiff are not, and could not have been, foreseeable by JFK IAT.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

202.    If Plaintiff has received remuneration and/or compensation for some or all of its claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, JFK IAT is entitled to have Plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation pursuant to Section 4545(c) of the CPLR.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

203.    Any damages awarded to Plaintiff must be reduced by the amount of any collateral source, including but not limited to, insurance, social security, workers compensation or employee benefit programs, that the Court finds were, or will be with reasonable certainty, replaced or indemnified.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

204.    JFK IAT is immune from suit for its exercise of discretion in the performance of a governmental function and/or its exercise of professional judgment.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

205.    The acts or omissions complained of by Plaintiff in the Complaint were not within the scope of any obligation undertaken or any applicable duty owed by or on behalf of JFK IAT.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

206.    Pursuant to Section 1401 of the CPLR, JFK IAT is entitled to a General Obligations Law §15-108 set-off to the extent that a release, or a covenant not to sue or not to

enforce a judgment was given to one or more persons liable or claimed to be liable for Plaintiff's alleged damages, and JFK IAT is entitled to a reduction of the claim of the plaintiff/releasors against other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the released tortfeasor's equitable share of the claim.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

207.    JFK IAT did not breach any duty or contract between the parties.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

208.    The alleged damages were not proximately caused by any negligence, want of care, or other culpable conduct on the part of JFK IAT.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

209.    Plaintiff assumed the risk of its alleged injuries and, on that account, JFK IAT is not liable to Plaintiff.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

210.    JFK IAT is not liable to Plaintiff because JFK IAT did not create a defective or dangerous condition and did not have any actual or constructive notice of a dangerous or defective condition existing at the premises prior to the accident described in the SAC. Moreover, even if such notice can be imputed to JFK IAT, JFK IAT did not have a reasonable time within which to correct any such alleged condition, or warn others about its existence.

### AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

211.    Although JFK IAT denies that it owed a duty to Plaintiff, the condition as alleged in the SAC was open and obvious and thus there was no duty to warn of its alleged presence.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

212.    JFK IAT at all times herein mentioned maintained any premises under its custody

102465460.v2

and control with the proper degree of reasonable care.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

213.    To the extent the damages alleged in Plaintiff's SAC could have been wholly or in part avoided by reasonable effort of Plaintiff, its agents, servants, and/or employees without undue burden, risk, or expense, said damages were the result of Plaintiff's failure to mitigate and may not be received from JFK IAT.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

214.    To the extent that nonjoinder is an affirmative defense, Plaintiff failed to join all necessary and indispensable parties.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

215.    Plaintiff's action is barred by all applicable statutes of limitations or time to commence an action.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

216.    Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

217.    Plaintiff's claims are barred in whole or in part because Plaintiff had the last clear chance to avoid injury.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

218.    Plaintiff cannot recover for any portion of the alleged harm that by exercise of ordinary care, Plaintiff could have avoided.

### RESERVATION OF DEFENSES AND OBJECTIONS

219.    JFK IAT hereby reserves the right to interpose such other defenses and objections

102465460.v2

as continuing investigation may disclose. To the extent that any defense is incorrectly pleaded herein as an affirmative defense, it is so pleaded as a defense.

## **COUNTERCLAIM AGAINST CHINA SOUTHERN AIRLINES CO., LTD.**

220. Defendant and counterclaim plaintiff JFK IAT repeats and re-alleges each and every allegation as is contained in paragraphs 1 through 219 inclusive, with the same force and effect as though more fully set forth at length herein.

221. JFK IAT asserts the following counterclaim against plaintiff China Southern for China Southern's failure to defend and indemnify JFK IAT in this action.

## **JURISDICTION AND VENUE**

222. This Court has jurisdiction over JFK IAT's counterclaim pursuant to 28 U.S.C. § 1367, and in the alternative, pursuant to 28 U.S.C. § 1332 as the citizenship of JFK IAT and China Southern is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

223. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## **THE PARTIES**

224. JFK IAT is a New York limited liability company comprised of one member which is a Delaware limited liability company.

225. China Southern is a foreign corporation with its principal place of business in China and is authorized to do business in the United States and the State of New York.

## **FACTS**

226. China Southern and JFK IAT entered into the John F. Kennedy International Airport Terminal 4 – License Agreement, effective August 1, 2014 (the "License Agreement"), pursuant to which JFK IAT granted to China Southern the right to use certain spaces and facilities at Terminal 4.

227.     The License Agreement is governed by the laws of the State of New York.

228.     Under the terms of the License Agreement, China Southern owes a defense and indemnity to JFK IAT.

229.     Section 11 of the License Agreement sets forth China Southern's obligation to defend, indemnify, and hold harmless JFK IAT:

**Section 11  INDEMNITY; INSURANCE; DAMAGE AND DESTRUCTION**

**11.1  Indemnity.** *Airline shall defend, indemnify and hold harmless* (i) *JFK IAT*, JFKIAT Member LLC, Schiphol USA, Inc., and their members and affiliates and all of the officers, directors, employees, agents, direct or indirect shareholders, partners, principals and controlling persons, . . . (iii) the Bank of New York/Mellon, the Port Authority and the City of New York (each an "Indemnified Party") from (and reimburse each Indemnified Party for its costs and expenses (including reasonable attorneys' fees and costs, expenses or disbursements), as such costs and expenses are incurred, including but not limited to those in respect of injury to or death or injury of persons, damage to or destruction of property (real or personal) or environmental damages *arising out of or connected in any way to any of the following* (except, in the case of JFK IAT, claims arising from the gross negligence or willful misconduct of JFK IAT . . .):

(a)     *Airline's* and/or Airline's owners', officers', directors', representatives', agents', contractors', employees', passengers', and invitees' (collectively including Airline "Terminal 4 Users") *use or occupancy, (actual or alleged) acts, omissions, negligence, gross negligence, recklessness, or malice, in or around any part of the Airport or relating in any way to any and all of Airline's obligations under this Agreement*;

(b) Airline's breach of, or Airline's failure to perform, any term, condition or representation set forth in this Agreement;

(c) *any Terminal 4 User's (actual or alleged) actions, omissions, negligence, gross negligence, recklessness or malice in or around any part of the Airport* and any Terminal 4 User's breach of, or the Terminal 4 User's failure to perform, any term, condition or representation set forth in any agreement related to or connected with the Airport, including, without limitation, Terminal 4 (emphasis added).

230.     Section 11.1 further provides:

*Airline, at its own expense, shall, at the request of an Indemnified Party, defend any suit based upon any such claim using counsel approved in writing by JFK*

*IAT*, Delta, or the Port Authority as the case may be.

231.    Section 11.3, **Insurance by Airline**, requires the following:

(a) *Coverage*:    Airline shall purchase and maintain in force the following insurance coverage as appropriate:

(1) Comprehensive aircraft liability insurance covering property damage liability . . . resulting from Airline's activities into, on, and leaving any part of the Airport, in an amount not less than $500,000,000 combined single limit.  . . .

(b) *Criteria*:    *All policies of insurance required herein* shall be in a form and with a company or companies reasonably satisfactory to JFK IAT and *shall name JFK International Air Terminal LLC*, its members, the Port Authority, the City of New York, JFKIAT Member LLC, Schiphol USA Inc., Delta Air Lines, Inc., and the Bank of New York/Mellon *as additional insureds* . . . (emphasis added).

232.    The Second Amended Complaint filed by China Southern on May 1, 2019, alleges that, on January 5, 2018, while a "CSA Aircraft was legally authorized to be present within JFK Airport [and] was being towed by Swissport on Taxiway BB, the CSA Aircraft came into contact with the Kuwait Aircraft.  The contact between the CSA Aircraft and the Kuwait Aircraft caused damage to the CSA Aircraft."  SAC, ¶¶ 30; 50-51.[1]

233.    On June 10, 2019, pursuant to the License Agreement, JFK IAT tendered its defense and demanded indemnification from China Southern.

234.    To date, China Southern has not accepted the tender and has not agreed to defend and indemnify JFK IAT.

### <u>COUNTERCLAIM</u>
### <u>Breach of Contract</u>

235.    JFK IAT repeats and re-alleges each and every allegation as is contained in paragraphs 220 through 234 inclusive, with the same force and effect as though more fully set

---

[1] The SAC paragraphs referenced are not meant to be exhaustive and JFK IAT relies upon the four corners of the SAC as giving rise to the defense and indemnity obligations of China Southern.

forth at length herein.

236.    Pursuant to Section 11 of the License Agreement, China Southern agreed to defend, indemnify, and hold harmless JFK IAT from the claims asserted in this action.

237.    On June 10, 2019, JFK IAT tendered its defense to China Southern and demanded indemnification.

238.    In breach of its obligations under the License Agreement, China Southern has not accepted the tender and has not agreed to defend and indemnify JFK IAT in this action.

239.    To the extent that China Southern did not procure the insurance required under the License Agreement, it is in breach of said agreement.

240.    As a direct and proximate result of China Southern's breach, JFK IAT has been damaged in an amount to be determined at trial, including but not limited to, the costs incurred in the defense of this action.

## CROSS-CLAIMS AGAINST CO-DEFENDANTS SWISSPORT USA, INC., DELTA AIR LINES, INC., and KUWAIT AIRWAYS CORPORATION

241.    JFK IAT repeats and re-alleges each and every allegation as is contained in paragraphs 1 through 240 inclusive, with the same force and effect as though more fully set forth at length herein.

242.    JFK IAT, as and for its Cross-Claims against co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation, sets forth, upon information and belief, as follows:

## AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS SWISSPORT USA, INC., DELTA AIR LINES, INC., and KUWAIT AIRWAYS CORPORATION

243.    JFK IAT repeats and re-alleges each and every allegation as is contained in paragraphs 241 through 242 inclusive, with the same force and effect as though more fully set forth at length herein.

102465460.v2

244.    Any injury or damage sustained as alleged in the SAC was caused solely by reason of the negligence of co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation without any negligence or culpable conduct on the part of JFK IAT contributing thereto.

245.    If Plaintiff recovers a judgment against JFK IAT for the loss or damage alleged in the SAC, such liability will have been brought about and caused solely by the careless, negligent, or culpable acts or omissions of co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation or their agents, servants, or employees, and JFK IAT is therefore entitled to full indemnity from co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation in an amount equal to the total sum of any such judgment, together with costs, disbursements, and attorneys' fees incurred in this action.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS SWISSPORT USA, INC., DELTA AIR LINES, INC., and KUWAIT AIRWAYS CORPORATION

246.    JFK IAT repeats and re-alleges each and every allegation as is contained in paragraphs 241 through 245 inclusive, with the same force and effect as though more fully set forth at length herein.

247.    Any injury or damage sustained as alleged in the SAC was caused solely by reason of the negligence of co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation or their agents, servants, or employees, without any negligence or culpable conduct on the part of JFK IAT contributing thereto.

248.    If Plaintiff recovers a judgment against JFK IAT for the loss or damage alleged in the SAC, such liability will have been brought about and caused solely by the careless, negligent, or culpable acts or omissions of co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation or their agents, servants, or employees, and JFK IAT is therefore

102465460.v2

entitled to contribution from co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation in an amount equal to the total sum of any such judgment, together with costs, disbursements, and attorneys' fees incurred in this action.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANT SWISSPORT USA, INC.

249.    JFK IAT repeats and re-alleges each and every allegation as is contained in paragraphs 241 through 248 inclusive, with the same force and effect as though more fully set forth at length herein.

250.    Swissport USA, Inc. ("Swissport") entered into a Ground Handling Agreement with JFK IAT, effective July 1, 2014 (the "Ground Handling Agreement"). The Ground Handling Agreement includes responsibility for "Marshalling, positioning of aircraft, Providing aircraft ground support services, Towing in, or pushing back of aircraft, [and] Re-positioning of aircraft under its own power."

251.    Pursuant to Section 9 of the Ground Handling Agreement:

**Section 9.  INDEMNITY; INSURANCE; DAMAGE AND DESTRUCTION.**

**9.1 Indemnity.**  The Licensee [Swissport] shall indemnify and hold harmless the Operator [JFK IAT], its members and its affiliates and all of the officers, directors, employees, agents, or direct or indirect shareholders, partners, principals and controlling persons, and all of the authorized representatives, committee members, adjunct committee members, project directors and managers of the Operator, its members and its affiliates and the Port Authority (each an "Indemnified Party"), from (and reimburse each Indemnified Party for its costs and expenses, including legal fees and expenses incurred defending) all claims of third parties or otherwise, including claims for death, personal injuries or property damages arising out of any of the following (except as to any particular Indemnified Party, claims arising from the gross negligence or willful misconduct of such Indemnified Party):

(a) a breach or default of any term of this Agreement by the Licensee; or

(b) the use or occupancy of the Air Terminal Facilities by the Licensee or other with its consent; or

(c) any other acts or omissions of the Licensee, its officers, employees, agents, guests, invitees, business visitors and contractors at the Airport.

252.    The Ground Handling Agreement further provides that Swissport "if requested to by an Indemnified Party shall at its own expense defend any suit based upon any such claim and direct such litigation."

253.    Pursuant to the Ground Handling Agreement, JFK IAT is entitled to a defense and indemnity from Swissport and is entitled to be indemnified for all attorneys' fees and expenses incurred in the defense of this action.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST CO-DEFENDANT DELTA AIR LINES, INC.

254.    JFK IAT repeats and re-alleges each and every allegation as is contained in paragraphs 241 through 253 inclusive, with the same force and effect as though more fully set forth at length herein.

255.    JFK IAT and Delta Air Lines, Inc. ("Delta") entered into an Anchor Tenant Agreement, dated December 9, 2010 (the "Anchor Tenant Agreement"), which covers the letting by JFK IAT to Delta of certain premises at Terminal 4 at JFK International Airport.

256.    JFK IAT and Delta also entered into an Agreement for Providing Ramp Control Services Terminal 4 JFK International Airport, dated May 25, 2013 (the "Ramp Control Agreement").  Pursuant to the Ramp Control Agreement, Delta is responsible for providing Ramp Control Services at Terminal 4, which means "the control of aircraft movements, including without limitation taxi, pushback and towing operations, to, from and within the Taxilanes at Terminal 4."

257.    The Ramp Control Agreement expressly incorporates the indemnification provisions of the Anchor Tenant Agreement and states that they shall be applicable to Delta's

provision of Ramp Control Services.  Article 24 of the Anchor Tenant Agreement provides:

ARTICLE 24. INDEMNIFICATION

Section 24.01.  *Indemnification by Delta*.  Delta shall defend, indemnify and hold harmless IAT, its members and their respective shareholders, members, directors, officers, employees, agents, representatives, subsidiaries, parents and Affiliates (collectively the "**IAT Parties**") against any and all claims, demands, damages, liabilities, obligations, awards, fines, judgments, injuries, suits, causes of action, proceedings, obligations, costs and expenses (including reasonable attorneys' fees and costs, expenses or disbursements incurred in defending against the foregoing) (collectively, "**Damages**") incurred, arising out of or connected in any way to . . . (ii) the use or occupancy of Terminal 4 by Delta, Delta's Sublessees or others with the consent of Delta, including Delta's and Delta's Sublessees' passengers, employees and other invitees except the IAT Users, (iii) the acts, omissions, negligence, gross negligence, recklessness, malice or willful misconduct of Delta or Delta's Sublessees or their respective directors, officers, employees, agents, representatives, contractors, passengers and invitees, and others using the Delta Space with the consent of Delta, except the IAT Users (collectively "**Delta Users**") in, on or at Terminal 4, (iv) Delta's breach of, or failure to perform, any term, condition, agreement, promise, provision, covenant, representation or warranty set forth in this Agreement . . .

258.    Pursuant to the Anchor Tenant Agreement and the Ramp Control Agreement, JFK IAT is entitled to a defense and indemnity from Delta and is entitled to be indemnified for all attorneys' fees and expenses incurred in the defense of this action.

### AS AND FOR A FIFTH CROSS-CLAIM AGAINST
### CO-DEFENDANT KUWAIT AIRWAYS CORPORATION

259.    JFK IAT repeats and re-alleges each and every allegation as is contained in paragraphs 241 through 258 inclusive, with the same force and effect as though more fully set forth at length herein.

260.    JFK IAT and Kuwait Airways Corporation ("Kuwait Airways") entered into a Contract Carrier Lease Agreement, dated December 15, 2000 (the "Carrier Lease Agreement"). Pursuant to the Carrier Lease Agreement, Kuwait Airways leases from JFK IAT certain space at Terminal 4 at JFK International Airport and provides Airline Activities, which means "the

carriage by aircraft of passengers for hire, the carriage of cargo and mail associated with the carriage by aircraft of passengers for hire and other lawful business activities incidental thereto or associated therewith."

261. Article 48 of the Carrier Lease Agreement provides:

**ARTICLE 48 – INDEMNIFICATION, WAIVER AND RELEASE**

48.01 **Indemnification**. Airline [Kuwait Airways] and Airline's subsidiaries, parent, ultimate parent or beneficial owner (collectively, the "Indemnitors") shall jointly and severally defend, indemnify and hold harmless the Lessor Parties [including but not limited to, JFK IAT] against any and all claims, demands, damages, liabilities, obligations, awards, fines, judgments, injuries, suits, causes of action, proceedings, obligations, costs and expenses (including reasonable attorneys' fees and costs, expenses or disbursements) (collectively, "Costs and Expenses"), as such Costs and Expenses are incurred, including but not limited to those in respect of injury to or death of persons or damage to or destruction of property (real or personal), arising out of or connected in any way to: (i) Airline's and/or Airline's owners', officers', directors', representatives', agents', contractors', employees', Passengers', and invitees' and the Terminal 4 Airlines Associations (collectively, including Airlines "Terminal 4 Users") use, rental, occupancy, (actual or alleged) acts, omissions, negligence, gross negligence, recklessness, or malice, in or around any part of the Airport or relating in any way to any and all of Airline's obligations under this Agreement; or (ii) Airline's breach of, or Airline's failure to perform, any term, condition, agreement, promise, provision, covenant, representation or warranty set forth in this Agreement; or (3) any Terminal 4 User's (actual or alleged) actions, omissions, negligence, gross negligence, recklessness or malice in or around any part of the Airport and any Terminal 4 User's breach of, or the Terminal 4 User's failure to perform, any terms, condition, agreement, promise, provision, covenant, representation or warranty set forth in any agreement related to or connected with the Airport, including, without limitation, Terminal 4.

262. Pursuant to the Carrier Lease Agreement, JFK IAT is entitled to a defense and indemnity from Kuwait Airways and is entitled to be indemnified for all attorneys' fees and expenses incurred in the defense of this action.

**WHEREFORE**, JFK IAT prays for judgment in its favor as follows:

A. Dismissing the Second Amended Complaint in its entirety with prejudice, or, alternatively, limiting its liability pursuant to the foregoing;

      B.     Judgment against China Southern on its Counterclaim and awarding JFK IAT all attorneys' fees, costs, and disbursements;

      C.     Judgment against co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation on its Cross-Claims and awarding JFK IAT all attorneys' fees, costs, and disbursements; and

      D.     Such other and further relief as this Court deems just, proper, and equitable.

Dated: September 20, 2019             FOX ROTHSCHILD LLP
       New York, New York

                             By: _____
                               Diane Westwood Wilson
                               Rebecca Tingey
                               101 Park Avenue, Seventeenth Floor
                               New York, New York 10178
                               Telephone: (212) 878-7900
                               Fax: (212) 430-8069
                               dwilson@foxrothschild.com
                               rtingey@foxrothschild.com

                               *Attorneys for Defendant JFK International Air Terminal LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CHINA SOUTHERN AIRLINES CO., LTD.,

                      Plaintiff,

       -against-

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, SWISSPORT USA,
INC., DELTA AIR LINES, INC., JFK
INTERNATIONAL AIR TERMINAL LLC,
and KUWAIT AIRWAYS CORPORATION,

                      Defendants.
--------------------------------------------------------------x

Civil Action No.: 1:18-cv-07454 (RJD)
(VMS)

**ANSWER, COUNTERCLAIM, AND
CROSS-CLAIMS OF THE PORT
AUTHORITY OF NEW YORK AND
NEW JERSEY**

Defendant The Port Authority of New York and New Jersey (the "Port Authority"), by

and through its attorneys, Fox Rothschild LLP, respectfully submits this Answer, Counterclaim,

and Cross-Claims to Plaintiff's Second Amended Complaint (the "SAC").

### AS TO THE ALLEGED NATURE OF THE ACTION

1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "1" of the SAC inasmuch as they are not directed toward the

Port Authority.

### AS TO THE ALLEGED JURISDICTION AND VENUE

2.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "2" of the SAC inasmuch as they are not directed toward the

Port Authority.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "3" of the SAC inasmuch as they are not directed toward the

Port Authority.

4. Denies the allegations set forth in paragraph "4" of the SAC, except admits that the Port Authority is a body, corporate and politic, created by Compact between the States of New York and New Jersey with the consent of the Congress of the United States, and that the Port Authority manages those portions of the premises known as John F. Kennedy International Airport that are not managed by others pursuant to lease, license, permit, contract, or other written agreement or by virtue of their use and occupancy or operation thereof.

5. Denies the allegations set forth in paragraph "5" of the SAC, except admits that the Port Authority has a principal place of business at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the SAC inasmuch as they are not directed toward the Port Authority.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the SAC inasmuch as they are not directed toward the Port Authority.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the SAC inasmuch as they are not directed toward the Port Authority.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the SAC inasmuch as they are not directed toward the Port Authority.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the SAC inasmuch as they are not directed toward the

Port Authority.

      11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the SAC inasmuch as they are not directed toward the Port Authority.

      12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the SAC inasmuch as they are not directed toward the Port Authority.

      13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the SAC inasmuch as they are not directed toward the Port Authority.

      14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the SAC inasmuch as they are not directed toward the Port Authority.

      15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the SAC inasmuch as they are not directed toward the Port Authority.

      16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the SAC inasmuch as they are not directed toward the Port Authority.

      17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the SAC inasmuch as they are not directed toward the Port Authority.

      18.     Denies knowledge or information sufficient to form a belief as to the truth of the

102103084.v5

allegations set forth in paragraph "18" of the SAC inasmuch as they are not directed toward the Port Authority.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the SAC inasmuch as they are not directed toward the Port Authority.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the SAC inasmuch as they are not directed toward the Port Authority.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the SAC inasmuch as they are not directed toward the Port Authority.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the SAC inasmuch as they are not directed toward the Port Authority.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the SAC inasmuch as they are not directed toward the Port Authority.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the SAC inasmuch as they are not directed toward the Port Authority.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the SAC, and respectfully refers all questions of law to the Court.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court

29.    Admits the allegations set forth in paragraph "29" of the SAC.

### AS TO THE ALLEGED FACTS COMMONS TO ALL CLAIMS

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the SAC inasmuch as they are not directed toward the Port Authority.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the SAC inasmuch as they are not directed toward the Port Authority.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the SAC inasmuch as they are not directed toward the Port Authority, except admit that the Port Authority Motor Vehicle Crash Report identifies the location as "Hardstand 63 Rampside, JFKIA, Jamaica, NY 11430."

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the SAC inasmuch as they are not directed toward the

Port Authority.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the SAC inasmuch as they are not directed toward the Port Authority.

35.     Denies the allegations set forth in paragraph "35" of the SAC to the extent that they are directed toward the Port Authority.

36.     Denies the allegations set forth in paragraph "36" of the SAC to the extent that they are directed toward the Port Authority.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the SAC inasmuch as they are not directed toward the Port Authority.

38.     Denies the allegations set forth in paragraph "38" of the SAC to the extent that they are directed toward the Port Authority.

39.     Denies the allegations set forth in paragraph "39" of the SAC to the extent that they are directed toward the Port Authority.

40.     Denies the allegations set forth in paragraph "40" of the SAC to the extent that they are directed toward the Port Authority.

41.     Denies the allegations set forth in paragraph "41" of the SAC to the extent that they are directed toward the Port Authority and/or to the extent that Plaintiff alleges any legal duty on the part of the Port Authority.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the SAC inasmuch as they are not directed toward the Port Authority.

43.　　Denies the allegations set forth in paragraph "43" of the SAC to the extent that they are directed toward the Port Authority.

44.　　Denies the allegations set forth in paragraph "44" of the SAC to the extent that they are directed toward the Port Authority.

45.　　Denies the allegations set forth in paragraph "45" of the SAC to the extent that they are directed toward the Port Authority.

46.　　Denies the allegations set forth in paragraph "46" of the SAC to the extent that they are directed toward the Port Authority.

47.　　Denies the allegations set forth in paragraph "47" of the SAC to the extent that they are directed toward the Port Authority.

48.　　Denies the allegations set forth in paragraph "48" of the SAC to the extent that they are directed toward the Port Authority.

49.　　Denies the allegations set forth in paragraph "49" of the SAC to the extent that they are directed toward the Port Authority.

50.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the SAC, except admits that the Port Authority Motor Vehicle Crash Report states "aircraft #2 being pulled by a tug, struck aircraft #1's APU unit, causing damage as well as damage to the right wing tip of aircraft #2."

51.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the SAC, except admits that the Port Authority Motor Vehicle Crash Report states "aircraft #2 being pulled by a tug, struck aircraft #1's APU unit, causing damage as well as damage to the right wing tip of aircraft #2."

52.　　Denies knowledge or information sufficient to form a belief as to the truth of the

102103084.v5

allegations set forth in paragraph "52" of the SAC inasmuch as they are not directed toward the Port Authority.

53.     Denies the allegations set forth in paragraph "53" of the SAC, except admits that a document purporting to be a Notice a Claim was received by the Port Authority on or about October 23, 2018.

## AS TO THE ALLEGED FIRST CAUSE OF ACTION

54.     The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "53" inclusive of its Answer as if more fully set forth herein.

55.     Denies the allegations set forth in paragraph "55" of the SAC to the extent that they are directed toward the Port Authority.

56.     Denies the allegations set forth in paragraph "56" of the SAC to the extent that they are directed toward the Port Authority, and respectfully refers all questions of law to the Court.

57.     Denies the allegations set forth in paragraph "57" of the SAC to the extent that they are directed toward the Port Authority, and respectfully refers all questions of law to the Court.

58.     Denies the allegations set forth in paragraph "58" of the SAC, and respectfully refers all questions of law to the Court.

59.     Denies the allegations set forth in paragraph "59" of the SAC, and respectfully refers all questions of law to the Court.

60.     Denies the allegations set forth in paragraph "60" of the SAC, and respectfully refers all questions of law to the Court.

61.     Denies the allegations set forth in paragraph "61" of the SAC, and respectfully

102103084.v5

refers all questions of law to the Court.

62.     Denies the allegations set forth in paragraph "62" of the SAC, and respectfully refers all questions of law to the Court.

63.     Denies the allegations set forth in paragraph "63" of the SAC.

## AS TO THE ALLEGED SECOND CAUSE OF ACTION

64.     The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "63" inclusive of its Answer as if more fully set forth herein.

65.     Denies the allegations set forth in paragraph "65" of the SAC.

66.     Denies the allegations set forth in paragraph "66" of the SAC.

67.     Denies the allegations set forth in paragraph "67" of the SAC.

68.     Denies the allegations set forth in paragraph "68" of the SAC, and respectfully refers all questions of law to the Court.

69.     Denies the allegations set forth in paragraph "69" of the SAC, and respectfully refers all questions of law to the Court.

70.     Denies the allegations set forth in paragraph "70" of the SAC, and respectfully refers all questions of law to the Court.

71.     Denies the allegations set forth in paragraph "71" of the SAC.

## AS TO THE ALLEGED THIRD CAUSE OF ACTION

72.     The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "71" inclusive of its Answer as if more fully set forth herein.

73.     Denies the allegations set forth in paragraph "73" of the SAC, and respectfully refers all questions of law to the Court.

74.     Denies the allegations set forth in paragraph "74" of the SAC, and respectfully

refers all questions of law to the Court.

75.     Denies the allegations set forth in paragraph "75" of the SAC, and respectfully refers all questions of law to the Court.

76.     Denies the allegations set forth in paragraph "76" of the SAC, and respectfully refers all questions of law to the Court.

77.     Denies the allegations set forth in paragraph "77" of the SAC.

**AS TO THE ALLEGED FOURTH CAUSE OF ACTION**

78.     The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "77" of its Answer as if more fully set forth herein.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the SAC inasmuch as they are not directed toward the Port Authority.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the SAC inasmuch as they are not directed toward the Port Authority.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the SAC inasmuch as they are not directed toward the Port Authority.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the SAC inasmuch as they are not directed toward the

Port Authority, and respectfully refers all questions of law to the Court.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

87.     Denies the allegations set forth in paragraph "87" of the SAC.

## AS TO THE ALLEGED FIFTH CAUSE OF ACTION

88.     The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "87" inclusive of its Answer as if more fully set forth herein.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the SAC inasmuch as they are not directed toward the Port Authority.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the SAC inasmuch as they are not directed toward the Port Authority.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

95.     Denies the allegations set forth in paragraph "95" of the SAC.

## AS TO THE ALLEGED SIXTH CAUSE OF ACTION

96.     The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "95" inclusive of its Answer as if more fully set forth herein.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refer all questions of law to the Court.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "100" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

101.    Denies the allegations set forth in paragraph "101" of the SAC.

### AS TO THE ALLEGED SEVENTH CAUSE OF ACTION

102.    The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "101" inclusive of its Answer as if more fully set forth herein.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the SAC inasmuch as they are not directed toward the Port Authority.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the SAC inasmuch as they are not directed toward the

Port Authority, and respectfully refers all questions of law to the Court.

109.    Denies the allegations set forth in paragraph "109" of the SAC.

## AS TO THE ALLEGED EIGHTH CAUSE OF ACTION

110.    The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "109" inclusive of its Answer as if more fully set forth herein.

111.    Denies the allegations set forth in paragraph "111" of the SAC to the extent that they are directed toward the Port Authority.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the SAC inasmuch as they are not directed toward the Port Authority.

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the SAC inasmuch as they are not directed toward the Port Authority, and denies the allegations to the extent that they are directed toward the Port Authority.

114.    Denies the allegations set forth in paragraph "114" of the SAC to the extent that they are directed toward the Port Authority.

115.    Denies the allegations set forth in paragraph "115" of the SAC to the extent that they are directed toward the Port Authority.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the SAC inasmuch as they are not directed toward the Port Authority.

117.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the SAC inasmuch as they are not directed toward the

102103084.v5

Port Authority, and denies the allegations to the extent that they are directed toward the Port Authority.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the SAC inasmuch as they are not directed toward the Port Authority, and denies the allegations to the extent that they are directed toward the Port Authority.

119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the SAC inasmuch as they are not directed toward the Port Authority, and denies the allegations to the extent that they are directed toward the Port Authority.

120.    Denies the allegations set forth in paragraph "120" of the SAC.

121.    Denies the allegations set forth in paragraph "121" of the SAC.

## AS TO THE ALLEGED NINTH CAUSE OF ACTION

122.    The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "121" inclusive of its Answer as if more fully set forth herein.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the SAC inasmuch as they are not directed toward the Port Authority.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the SAC inasmuch as they are not directed toward the Port Authority.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the SAC inasmuch as they are not directed toward the

Port Authority.

126.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the SAC inasmuch as they are not directed toward the Port Authority.

127.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the SAC inasmuch as they are not directed toward the Port Authority.

128.     Denies the allegations set forth in paragraph "128" of the SAC.

<u>**AS TO THE ALLEGED TENTH CAUSE OF ACTION**</u>

129.     The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "128" inclusive of its Answer as if more fully set forth herein.

130.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the SAC inasmuch as they are not directed toward the Port Authority.

131.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the SAC inasmuch as they are not directed toward the Port Authority.

132.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

133.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

134.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

135.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

136.     Denies the allegations set forth in paragraph "136" of the SAC.

## AS TO THE ALLEGED ELEVENTH CAUSE OF ACTION

137.     The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "136" inclusive of its Answer as if more fully set forth herein.

138.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the SAC inasmuch as they are not directed toward the Port Authority.

139.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the SAC inasmuch as they are not directed toward the Port Authority.

140.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

141.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

142.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "142" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

143.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

144.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

146.    Denies the allegations set forth in paragraph "146" of the SAC.

## AS TO THE ALLEGED TWELFTH CAUSE OF ACTION

147.    The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "146" inclusive of its Answer as if more fully set forth herein.

148.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

149.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the SAC inasmuch as they are not directed toward the Port Authority.

150.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the SAC inasmuch as they are not directed toward the

102103084.v5

Port Authority, and respectfully refers all questions of law to the Court.

151.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

154.    Denies the allegations set forth in paragraph "154" of the SAC.

## AS TO THE ALLEGED THIRTEENTH CAUSE OF ACTION

155.    The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "154" inclusive of its Answer as if more fully set forth herein.

156.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

157.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the SAC inasmuch as they are not directed toward the Port Authority.

158.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

102103084.v5

159.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

160.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

161.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

162.    Denies the allegations set forth in paragraph "162" of the SAC.

**AS TO THE ALLEGED FOURTEENTH CAUSE OF ACTION**

163.    The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "162" inclusive of its Answer as if more fully set forth herein.

164.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the SAC inasmuch as they are not directed toward the Port Authority.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the SAC inasmuch as they are not directed toward the Port Authority.

166.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

167.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "167" of the SAC inasmuch as they are not directed toward the Port Authority.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

170.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

171.    Denies the allegations set forth in paragraph "171" of the SAC.

## AS TO THE ALLEGED FIFTEENTH CAUSE OF ACTION

172.    The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "171" inclusive of its Answer as if more fully set forth herein.

173.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the SAC inasmuch as they are not directed toward the Port Authority and respectfully refers all questions of law to the Court.

174.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

175.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the SAC inasmuch as they are not directed toward the

Port Authority, and respectfully refers all questions of law to the Court.

176.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

177.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

178.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the SAC inasmuch as they are not directed toward the Port Authority.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the SAC inasmuch as they are not directed toward the Port Authority.

180.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the SAC inasmuch as they are not directed toward the Port Authority.

181.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the SAC inasmuch as they are not directed toward the Port Authority.

182.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

183.    Denies knowledge or information sufficient to form a belief as to the truth of the

102103084.v5

allegations set forth in paragraph "183" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

184.     Denies the allegations set forth in paragraph "184" of the SAC.

## AS TO THE ALLEGED SIXTEENTH CAUSE OF ACTION

185.     The Port Authority repeats and re-alleges each and every response contained in paragraphs "1" through "184" inclusive of its Answer as if more fully set forth herein.

186.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "186" of the SAC inasmuch as they are not directed toward the Port Authority.

187.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the SAC inasmuch as they are not directed toward the Port Authority.

188.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

189.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the SAC inasmuch as they are not directed toward the Port Authority.

190.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

191.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "191" of the SAC inasmuch as they are not directed toward the

102103084.v5

Port Authority, and respectfully refers all questions of law to the Court.

192.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

193.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "193" of the SAC inasmuch as they are not directed toward the Port Authority, and respectfully refers all questions of law to the Court.

194.    Denies the allegations set forth in paragraph "194" of the SAC.

195.    Denies that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following paragraph "194" of the SAC, or to any relief whatsoever from the Port Authority.

## AS AND FOR A FIRST DEFENSE

196.    If Plaintiff received remuneration and/or compensation for some or all of Plaintiff's claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, the Port Authority is entitled to have Plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation pursuant to Section 4545(a) of the CPLR.

## AS AND FOR A SECOND DEFENSE

197.    The Court lacks subject matter and/or personal jurisdiction over the Port Authority if Plaintiff has failed to comply with the statutory requirements or conditions precedent provided for in N.Y. Unconsolidated §§ 7107, *et seq.* (McKinney's Consolidated Laws of N.Y. 2000).

## AS AND FOR A THIRD DEFENSE

198.   The Port Authority is immune from suit for its exercise of discretion in the performance of a governmental function and/or its exercise of professional judgment.

## AS AND FOR A FOURTH DEFENSE

199.   If any injuries and/or damages were in fact sustained by Plaintiff, the Port Authority did not proximately cause them.

## AS AND FOR A FIFTH DEFENSE

200.   There was an intervening and superseding cause which terminated any liability on the part of the Port Authority.

## AS AND FOR A SIXTH DEFENSE

201.   In the event that Plaintiff failed to mitigate or otherwise act to lessen or reduce the alleged damages and/or injuries, then the amount of damages recovered by Plaintiff should be limited to reflect the failure to mitigate damages.

## AS AND FOR A SEVENTH DEFENSE

202.   The Port Authority was not negligent in any way and did not cause or contribute to the injuries and/or damages complained of.

## AS AND FOR AN EIGHTH DEFENSE

203.   Plaintiff cannot recover for any portion of the harm that by exercise of ordinary care, Plaintiff could have avoided.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

204.   The SAC fails to state a claim against the Port Authority upon which relief can be granted.

102103084.v5

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

205.    Pursuant to §§1411, 1412, and other applicable provisions of the CPLR and as a matter of New York law, the Port Authority alleges that if Plaintiff sustained damages as alleged in Plaintiff's SAC, such damages were caused in whole or in part by the culpable conduct, including but not limited to contributory negligence and/or assumption of risk, on the part of Plaintiff.  The Port Authority is entitled to a diminution of damages otherwise recoverable in the proportion that the culpable conduct attributable to Plaintiff bears to the culpable conduct that caused the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

206.    The damages alleged in the SAC, if any, were the result, in whole or in part, of the direct and proximate negligence, want of care, or other conduct of persons, their agents or employees, or others unknown at this time over whom the Port Authority had no control at any time relevant hereto, and in the event the Port Authority is found liable to Plaintiff, which liability is expressly denied, the Port Authority will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

207.    The Port Authority's liability to Plaintiff, if any, must be limited by the provisions of Article 16 of the CPLR.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

208.    The damages or injuries alleged by Plaintiff are not, and could not have been, foreseeable by the Port Authority.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

209.    The acts or omissions complained of by Plaintiff in the SAC were not within the

scope of any obligation undertaken or any applicable duty owed by or on behalf of the Port Authority.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

210.    Pursuant to Section 1401 of the CPLR, the Port Authority is entitled to a General Obligations Law §15-108 set-off to the extent that a release, or a covenant not to sue or not to enforce a judgment was given to one or more persons liable or claimed to be liable for Plaintiff's alleged damages, and the Port Authority is entitled to a reduction of the claim of the plaintiffs/releasors against other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the released tortfeasor's equitable share of the claim.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

211.    The Port Authority did not breach any duty or contract between the parties.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

212.    The Port Authority is not liable to Plaintiff because the Port Authority did not create a defective or dangerous condition and did not have any actual or constructive notice of a dangerous or defective condition existing at the premises prior to the accident described in the SAC.  Moreover, even if such notice can be imputed to the Port Authority, the Port Authority did not have a reasonable time within which to correct any such alleged condition, or warn others about its existence.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

213.    Although the Port Authority denies that it owed a duty to Plaintiff, the condition as alleged in the SAC was open and obvious and thus there was no duty to warn of its alleged presence.

102103084.v5

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

214.    The Port Authority at all times herein mentioned maintained any premises under its custody and control with the proper degree of reasonable care.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

215.    To the extent that nonjoinder is an affirmative defense, Plaintiff failed to join all necessary and indispensable parties.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

216.    Plaintiff's action is barred by all applicable statutes of limitations or time to commence an action.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

217.    Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

218.    To the extent that the Port Authority is a landlord, the Port Authority is out of possession.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

219.    Any damages awarded to Plaintiff must be reduced by the amount of any collateral source, including, but not limited to, insurance, social security, workers compensation or employee benefit programs, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

220.    Plaintiff's claims are barred in whole or in part because Plaintiff had the last clear chance to avoid injury.

102103084.v5

## RESERVATION OF DEFENSES AND OBJECTIONS

221.     The Port Authority hereby reserves the right to interpose such other defenses and objections as continuing investigation may disclose.  To the extent that any defense is incorrectly pleaded herein as an affirmative defense, it is so pleaded as a defense, and to the extent that any affirmative defense is incorrectly pleaded herein as a defense, it is so pleaded as an affirmative defense.

## COUNTERCLAIM AGAINST CHINA SOUTHERN AIRLINES CO., LTD.

222.     Defendant and counterclaim plaintiff the Port Authority repeats and re-alleges each and every allegation as is contained in paragraphs "1" through "221" inclusive, with the same force and effect as though more fully set forth at length herein.

223.     The Port Authority asserts the following counterclaim against plaintiff defendant China Southern Airlines Co., Ltd. ("China Southern") for China Southern's failure to defend and indemnify the Port Authority in this action.

## JURISDICTION AND VENUE

224.     This Court has jurisdiction over the Port Authority's counterclaim pursuant to 28 U.S.C. § 1367, and in the alternative, pursuant to 28 U.S.C. § 1332 as the citizenship of the Port Authority and China Southern is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

225.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## THE PARTIES

226.     The Port Authority is a body, corporate and politic, created by Compact between the States of New York and New Jersey with the consent of the Congress of the United States.

227.     China Southern is a foreign corporation with its principal place of business in

102103084.v5

China and is authorized to do business in the United States and the State of New York.

## FACTS

228.    China Southern and defendant JFK International Air Terminal LLC ("JFK IAT") entered into the John F. Kennedy International Airport Terminal 4 – License Agreement, effective August 1, 2014 (the "License Agreement"), pursuant to which JFK IAT granted to China Southern the right to use certain spaces and facilities at Terminal 4.

229.    The License Agreement is governed by the laws of the State of New York.

230.    Under the terms of the License Agreement, China Southern owes a defense and indemnity to the Port Authority.

231.    Section 11 of the License Agreement sets forth China Southern's obligation to defend, indemnify, and hold harmless the Port Authority:

**Section 11  INDEMNITY; INSURANCE; DAMAGE AND DESTRUCTION**

**11.1  Indemnity.**  *Airline shall defend, indemnify and hold harmless* (i) JFK IAT, JFKIAT Member LLC, Schiphol USA, Inc., and their members and affiliates and all of the officers, directors, employees, agents, direct or indirect shareholders, partners, principals and controlling persons, . . . (iii) the Bank of New York/Mellon, *the Port Authority* and the City of New York (each an "Indemnified Party") from (and reimburse each Indemnified Party for its costs and expenses (including reasonable attorneys' fees and costs, expenses or disbursements), as such costs and expenses are incurred, including but not limited to those in respect of injury to or death or injury of persons, damage to or destruction of property (real or personal) or environmental damages *arising out of or connected in any way to any of the following* (except, . . . in the case of the Port Authority, claims arising from the gross negligence or willful misconduct of the Port Authority):

      (a)  *Airline's* and/or Airline's owners', officers', directors', representatives', agents', contractors', employees', passengers', and invitees' (collectively including Airline "Terminal 4 Users") *use or occupancy, (actual or alleged) acts, omissions, negligence, gross negligence, recklessness, or malice, in or around any part of the Airport or relating in any way to any and all of Airline's obligations under this Agreement*;

      (b) Airline's breach of, or Airline's failure to perform, any term, condition

Page **30** of 35

or representation set forth in this Agreement;

(c) *any Terminal 4 User's (actual or alleged) actions, omissions, negligence, gross negligence, recklessness or malice in or around any part of the Airport* and any Terminal 4 User's breach of, or the Terminal 4 User's failure to perform, any term, condition or representation set forth in any agreement related to or connected with the Airport, including, without limitation, Terminal 4 (emphasis added).

232.    Section 11.1 further provides:

*Airline, at its own expense, shall, at the request of an Indemnified Party, defend any suit based upon any such claim using counsel approved in writing* by JFK IAT, Delta, or *the Port Authority* as the case may be.

233.    Section 11.3, **Insurance by Airline**, requires the following:

(a) *Coverage*:    Airline shall purchase and maintain in force the following insurance coverage as appropriate:

(1) Comprehensive aircraft liability insurance covering property damage liability . . . resulting from Airline's activities into, on, and leaving any part of the Airport, in an amount not less than $500,000,000 combined single limit.  . . .

(b) *Criteria*:  **All policies of insurance required herein** shall be in a form and with a company or companies reasonably satisfactory to JFK IAT and **shall name** JFK International Air Terminal LLC, its members, **the Port Authority**, the City of New York, JFKIAT Member LLC, Schiphol USA Inc., Delta Air Lines, Inc., and the Bank of New York/Mellon **as additional insureds** . . . (emphasis added).

234.    The Second Amended Complaint filed by China Southern on May 1, 2019, alleges that, on January 5, 2018, while a "CSA Aircraft was legally authorized to be present within JFK Airport [and] was being towed by Swissport on Taxiway BB, the CSA Aircraft came into contact with the Kuwait Aircraft.  The contact between the CSA Aircraft and the Kuwait Aircraft caused damage to the CSA Aircraft."  SAC, ¶¶ 30; 50-51.[1]

235.    On June 10, 2019, pursuant to the License Agreement, the Port Authority

---

[1] The SAC paragraphs referenced are not meant to be exhaustive and the Port Authority relies upon the four corners of the SAC as giving rise to the defense and indemnity obligations of China Southern.

tendered its defense and demanded indemnification from China Southern.

236.    To date, China Southern has not accepted the tender and has not agreed to defend and indemnify the Port Authority.

## COUNTERCLAIM
## Breach of Contract

237.    The Port Authority repeats and re-alleges each and every allegation as is contained in paragraphs "222" through "236" inclusive, with the same force and effect as though more fully set forth at length herein.

238.    Pursuant to Section 11 of the License Agreement, China Southern agreed to defend, indemnify, and hold harmless the Port Authority from the claims asserted in this action.

239.    On June 10, 2019, the Port Authority tendered its defense to China Southern and demanded indemnification.

240.    In breach of its obligations under the License Agreement, China Southern has not accepted the tender and has not agreed to defend and indemnify the Port Authority in this action.

241.    To the extent that China Southern did not procure the insurance required under the License Agreement, it is in breach of said agreement.

242.    As a direct and proximate result of China Southern's breach, the Port Authority has been damaged in an amount to be determined at trial, including but not limited to, the costs incurred in the defense of this action.

## CROSS-CLAIMS AGAINST CO-DEFENDANTS SWISSPORT USA, INC., DELTA AIR LINES, INC., and KUWAIT AIRWAYS CORPORATION

243.    The Port Authority repeats and re-alleges each and every allegation as is contained in paragraphs "1" through "242" inclusive, with the same force and effect as though more fully set forth at length herein.

244.    The Port Authority, as and for its Cross-Claims against co-defendants Swissport

USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation, sets forth, upon information and belief, as follows:

**AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS SWISSPORT USA, INC., DELTA AIR LINES, INC., and KUWAIT AIRWAYS CORPORATION**

245.    The Port Authority repeats and re-alleges each and every allegation as is contained in paragraphs "243" through "244" inclusive, with the same force and effect as though more fully set forth at length herein.

246.    Any injury or damage sustained as alleged in the SAC was caused solely by reason of the negligence of co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation without any negligence or culpable conduct on the part of the Port Authority contributing thereto.

247.    If Plaintiff recovers a judgment against the Port Authority for the loss or damage alleged in the SAC, such liability will have been brought about and caused solely by the careless, negligent, or culpable acts or omissions of co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation or their agents, servants, or employees, and the Port Authority is therefore entitled to full indemnity from co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation in an amount equal to the total sum of any such judgment, together with costs, disbursements, and attorneys' fees incurred in this action.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS SWISSPORT USA, INC., DELTA AIR LINES, INC., and KUWAIT AIRWAYS CORPORATION**

248.    The Port Authority repeats and re-alleges each and every allegation as is contained in paragraphs "243" through "247" inclusive, with the same force and effect as though more fully set forth at length herein.

249.    Any injury or damage sustained as alleged in the SAC was caused solely by reason of the negligence of co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and

Kuwait Airways Corporation or their agents, servants, or employees, without any negligence or culpable conduct on the part of the Port Authority contributing thereto.

250.     If Plaintiff recovers a judgment against the Port Authority for the loss or damage alleged in the SAC, such liability will have been brought about and caused solely by the careless, negligent, or culpable acts or omissions of co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation or their agents, servants, or employees, and the Port Authority is therefore entitled to contribution from co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation in an amount equal to the total sum of any such judgment, together with costs, disbursements, and attorneys' fees incurred in this action.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANTS SWISSPORT USA, INC., DELTA AIR LINES, INC., and KUWAIT AIRWAYS CORPORATION

251.     The Port Authority repeats and re-alleges each and every allegation as is contained in paragraphs "243" through "250" inclusive, with the same force and effect as though more fully set forth at length herein.

252.     To the extent that co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation owe contractual indemnity in connection with the services that they perform at the premises known as John F. Kennedy International Airport, the Port Authority is entitled to a defense and indemnity from co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation including but not limited to, indemnity for all attorneys' fees and expenses incurred in the defense of this action.

**WHEREFORE**, the Port Authority prays for judgment in its favor as follows:

A.     Dismissing the Second Amended Complaint in its entirety with prejudice, or, alternatively, limiting its liability pursuant to the foregoing;

B.     Judgment against China Southern on its Counterclaim and awarding the Port

102103084.v5

Authority all attorneys' fees, costs, and disbursements;

      C.    Judgment against co-defendants Swissport USA, Inc., Delta Air Lines, Inc., and Kuwait Airways Corporation on its Cross-Claims and awarding the Port Authority all attorneys' fees, costs, and disbursements; and

      D.    Such other and further relief as this Court deems just, proper, and equitable.

Dated:  September 20, 2019          FOX ROTHSCHILD LLP
        New York, New York

                      By: _____
                        Diane Westwood Wilson
                        Rebecca Tingey
                        101 Park Avenue, Seventeenth Floor
                        New York, New York 10178
                        Telephone: (212) 878-7900
                        Fax: (212) 430-8069
                        dwilson@foxrothschild.com
                        rtingey@foxrothschild.com

                      *Attorneys for Defendant The Port Authority of*
                      *New York and New Jersey*

102103084.v5